SAVOY, Judge.
Plaintiff filed suit against defendant on an open account. Defendant filed an answer alleging payment as a bar to the action. After a trial on the merits, the district court held in favor of plaintiff. Defendant has appealed.
Plaintiff, through its representative, Mr. G. D. Kennedy, called on defendant for the purpose of selling him a new cash register. After discussing the matter defendant decided to trade in his used cash register and was allowed a credit on the new register. The invoice was to be mailed out of the Baton Rouge, Louisiana, office. Defendant did not receive the invoice by mail, but it was sent to the plaintiff’s sub-office in Lafayette, Louisiana, where Kennedy delivered the invoice in person to defendant. It was at this point that a controversy arose between the parties. Defendant contends that at the time of the delivery of the invoice, he paid Kennedy in full in cash and was under the impression that the invoice was a receipt. Plaintiff, on the other hand, contends that payment was never made to Kennedy.
The trial judge, in his written reasons, stated that defendant was an experienced business man, and that if he had paid for the cash register, he would have required a receipt from Kennedy.
Payment is a special defense, and the burden was on defendant to show payment. The wife of defendant testified that her husband had paid Kennedy in cash. The trial court chose not to believe her testimony. The trial judge also stated in his written opinion that defendant’s wife kept all receipts and other records for the business, and if Kennedy had given defendant a receipt showing payment of the cash register, she would have kept it with her other records.
This is a fact question, and we are in thorough agreement with the district judge that defendant has failed to discharge the burden imposed on him by law.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.