LOTTINGER, Judge.
This is a suit on an open account. From a judgment in favor of the plaintiffs, defendant has perfected this appeal.
The record reveals that the defendant-appellant, Guy Puma, Sr., a building contractor, had purchased building material's from the plaintiffs for a number of years. Plaintiffs filed this suit on November 12, 1971, to recover $3,344.17, representing building materials purchased and not yet paid for. The defendant normally had more than one construction job going at a time, and separate accounts were kept by the plaintiffs on each of the defendant’s jobs. At the time of this suit, the defendant had two accounts with the plaintiffs, the “Albany job” and the “Columbus Drive job.”
The Trial Judge found that as of February 19, 1968, there was a balance due by the defendant-appellant to the plaintiffs of $3,710.88. On September 14, 1970, the defendant paid $726.42, of which $226.42 was applied to bring the “Albany job” account current, and the balance of $500.00 was then applied to the “Columbus Drive” account, being the older of the two accounts. The last previous credit on the “Columbus Drive” account had been on February 19, 1968.
The defendant-appellant contends that the Trial Judge erred in (1) granting a judgment based upon the uncorroborated testimony of one witness; (2) relying on inadmissable evidence to support his finding that the alleged $500.00 payment on September 14, 1970, interrupted prescription as to the “Columbus Drive” account; and (3) finding that the defendant did not instruct plaintiffs as to which account the payment of September 14, 1970, was to be applied.
In support of his first specification of error, the defendant contends that the only evidence the plaintiffs introduced other than the testimony of Mr. Ervin Picou as to the indebtedness owed by the defendant were two unsigned receipts plus a deposit slip and a letter. The itemized statement of charges and credits, with all invoices attached thereto, which was attached to the plaintiffs’ petition, was not offered, introduced and filed into evidence. We have studied carefully the record of this proceeding, and the documentary evidence contained therein. Even though there is contained in the documentary evidence envelope before this Court the itemized statement and all of the invoices attached thereto which were originally attached to the petition, we do not find that this was ever filed into evidence. In addition, however, we further find two other itemized statements of account, one beginning on March 9, 1964, and ending on March 29, 1966, showing a payment on that date of $799.30, clearing out that account in its entirety, and another itemized statement commencing on September 27, 1966, and ending on September 5, 1968, with a payment of $789.83, clearing that account, and we find neither of these two itemized statements to have been filed and introduced into evidence. We further note that on the itemized statement which commenced on September 27, 1966, and ended on September 5, 1968, there is a similarity between invoice debits on that itemized statement and invoice debits on the itemized statement which was originally attached to the petition. We cannot find an answer to these discrepancies explained anywhere in the record.
We do not, however, agree with the defendant-appellant that the plaintiffs have failed to comply with LSA-C.C. art. 2277 which provides:
“All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hun *93 dred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.” (Emphasis added)
We note that counsel for defendant-appellant admitted to the Trial Judge that the plaintiffs’ invoices and tickets were not in contest, only what they added up to was in contest. In view of the entire record, we take this admission to mean that it was the amount that was being sued for that was in question, not the fact that the defendant purchased those particular supplies. Therefore, we see no error in the failing to file and introduce into evidence the invoices and statements.
As to the second specification of error, we find no merit. Defendant-appellant argues that the Trial Judge relied on evidence which he had ruled inadmissable in overruling the exception of prescription. As we above noted, the defendant on September 14, 1970, by check paid the amount of $726.42 to the plaintiffs. Of this amount $226.42 was applied to bring the “Albany job” account current, and the balance of $500.00 was then applied to the “Columbus Drive” account. It is the application of the $500.00 balance to the “Columbus Drive” account that was the object of the exception of prescription, inasmuch as the last previous credit on the “Columbus Drive” account had been on February 19, 1968.
The plaintiff testified as to the September 14, 1970, payment of $726.42, and explained how $226.42 was used to pay out the balance on the “Albany job” account, and the remainder was applied to the “Columbus Drive” account. After the plaintiff had finished testifying on that payment, counsel for plaintiff attempted to introduce into evidence a statement of the Albany account reflecting that the $226.42 credit on September 14, 1970, brought that account current. This introduction was objected to by counsel for defendant, and sustained by the Trial Judge, however, counsel for defendant had not objected to any of the testimony of the plaintiff explaining how the payment of $726.42 was made and divided. The statement was filed into evidence by a proffer. Therefore, even though the Trial Judge in his written reasons for judgment made mention of the proffered statement, we feel that no error has been done, inasmuch as sufficient testimony was before the Trial Judge to justify his overruling of the exception of prescription.
Lastly, the defendant-appellant contends that the Trial Court was in error when it found that the defendant did not instruct plaintiffs as to which account the payment of September 14, 1970, was to be applied. The Trial Judge found as a matter of fact that the plaintiffs were not instructed to apply these funds to any special account. This payment was made by check, but filed and introduced into evidence were duplicate copies of two receipts, each being dated September 14, 1970, and showing the “Albany job” account being credited for $226.42 and the “Old Bill” which was also referred to by the parties as the “Columbus Drive job” being credited with $500.00. Considering these facts, we find no error on the part of the Trial Judge in finding that the plaintiffs had properly imputed this payment to these two accounts. LSA-C.C. art. 2165.
Though the defendant has had his day in Court, and the opportunity to present all of the testimony and evidence in support of his position, and to contest and oppose all of the testimony and evidence presented by the plaintiffs, and further considering the fact that the appellate courts of this state do not normally give party litigants two “bites at the apple”, so to speak, we are of the opinion that this is such a situation whereby we should exercise that authority granted to this Court under LSA-C.C.P. art. 2164 so that the ends of justice may be met by remanding this matter back to the Trial Court to allow additional information so as to clarify duplication of invoice entries on *94 two separate itemized statements which we have pointed out above.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is reversed and remanded in accordance with the views expressed herein. All costs of this appeal are to be paid by plaintiffs-ap-pellees.
REVERSED AND REMANDED.