WILLIAMS, Judge.
This is an appeal from a judgment rendered below in favor of plaintiff, Paul Piazza and Son, Inc., against defendant Leo A. Sider, d/b/a Edgelake, for $275.60, together with legal interest, costs and twenty five percent attorney’s fees.
Plaintiff, who sells seafood to various area restaurants, filed suit on open account against defendant after defendant failed to pay for one hundred pounds of shrimp delivered in September, 1980, in the amount of $275.60. Defendant answered plaintiff’s suit only with a general denial to each of plaintiff’s allegations. No special or affirmative defenses were pleaded, although at trial, defendant testified that he had paid for the shrimp. •
Defendant had been in business for approximately eight or nine years prior to this dispute, and for a year before, had been purchasing seafood from plaintiff. All deliveries other than the one in dispute were paid for in cash. Credit was never extended to defendant for any of his purchases from plaintiff. For the delivery in question, however, no money was paid, and the goods were signed for with the name “Leo Sider.” Subsequently, plaintiff sent a statement every week, for the amount due, for approximately six weeks. Plaintiff also sent an amicable demand letter, with certified return receipt requested, which was *673 returned signed by Leo A. Sider. Plaintiff called defendant and was informed that the delivery in dispute had been paid. Defendant failed to supply proof of payment upon request, although defendant later admitted in testimony that he did receive the seafood, but denied that the signature on the invoice was his. He claimed he always got a receipt when he paid for and accepted delivery.
Defendant urges three errors on appeal: (1) plaintiff failed to prove the existence' of the debt; (2) plaintiff failed to prove aü open account existed between it and defendant; and (3) the trial court based its judgment on documents not in evidence.
This case is governed by La.C.C. Art. 2232, which states in essence: An obligation must be proven. Conversely, a defendant must prove he is exonerated, either by payment or some other fact which has extinguished the obligation.
The trial court decided that plaintiff had adequately sustained its burden in proving the debt. See Gulfcoast Newspapers, Inc. v. Cart, 331 So.2d 177 (La.App. 3d Cir.1976). Even though the record on appeal lacks written reasons for judgment, we believe that the trial court did not abuse its discretion in finding for the plaintiff.
At trial, defendant did not substantiate his claim that he had paid the disputed invoice. The only defense was directed toward disproving the authenticity of the signature appearing on the invoice.
Defendant contends that plaintiff must first show the existence of an open account before defendant’s duty arises to exonerate itself from the debt by proving payment. This argument is without merit. Article 2232 makes no such requirement. Furthermore, there is sufficient evidence to sustain the finding of the trial court that an open account did in fact exist.
Payment is a special or affirmative defense in a suit on open account. La.C. C.P. Art. 1005; National Cash Register Co. v. Benoit, 228 So.2d 319 (La.App. 3d Cir. 1969). Defendant was an experienced businessman and should have kept a receipt indicating payment of the disputed invoice. The trial court, therefore, was not in error in finding that no payment had been made. Additionally, we note that defendant failed to affirmatively plead payment of the debt.
Defendant has also raised as an issue, plaintiff’s failure to introduce into evidence the actual invoice in dispute, although its only witness, Louis Piazza, was able to identify it without hesitation and was cross-examined on it by defendant. The failure to formally make the document part of the record is not fatal to plaintiff’s case. Picou v. Puma, 331 So.2d 91, 93 (La.App. 1st Cir.1976). This is especially true in light of the fact that defendant had admitted receipt of the goods.
We, therefore affirm the decision of the trial court, awarding plaintiff $275.60, plus costs, legal interest and twenty five percent attorney’s fees and further assess costs of this appeal against defendant-appellant Leo A. Sider, Sr.
AFFIRMED.