460 So.2d 8 (1984)
SEARS, ROEBUCK & COMPANY
v.
Christian and Dennis LAROSE.
No. 83 CA 1153.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
*9 Cordell H. Haymon, Baton Rouge, for plaintiff-appellee Sears, Roebuck & Co.
Daniel H. Taylor, Baton Rouge, for defendants-appellants Christian and Dennis Larose.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SAVOIE, Judge.
Appellants, Christian and Dennis Larose, appeal the city court's judgment in favor of appellee, Sears, Roebuck & Company, in this suit on open account. We affirm.
Appellants' joint account with Sears became delinquent in June, 1982. In December, 1982, Sears contacted its attorneys and requested that a demand letter be sent demanding full payment of the account balance of $1,246.65.[1] On December 15, 1982, a demand letter was sent to appellants by certified mail requesting payment within thirty days after receipt of the letter. Appellants received the letter on January 3, 1983. Mr. Larose went to the local Sears store on January 12, 1983, and discussed the account with the collection manager. No payment was made at that time. The parties disagree as to the result of this conference. Appellants contend that Sears agreed to extend the time for payment, while Sears maintains that no agreement was made. Suit was filed by Sears' attorneys on February 9, 1983. Unaware that suit had been filed, Mr. Larose returned to the store on February 9, 1983, and paid twenty dollars on his account. No further payments were made.

ACTION OF THE CITY COURT
Appellants timely filed, in city court, an answer as well as a reconventional demand which alleged that the parties had entered into a new agreement allowing additional time for payment. After trial on the merits, the city court rendered judgment in favor of Sears in the amount of $1,262.95 plus interest from the date of judicial demand, attorney's fees of twenty-five percent and costs. Credit was given for the twenty dollar February payment. The reconventional demand was dismissed. Appellants appeal that judgment.

ASSIGNMENTS OF ERROR
Appellants allege the city court erred in:
1. awarding attorney's fees when the award was not made in strict compliance with La.R.S. 9:2781; and
2. failing to sustain appellants' exception of prematurity and/or estoppel.

I.
Appellants argue that it was improper to award attorney's fees because the demand letter did not meet the requirements of La.R.S. 9:2781. Specifically, they point out that the balance set forth in the demand letter was $1,246.65 while the amount in the petition and awarded in the judgment was $1,262.95.
The city court found that the amount set forth in the demand letter was an accurate statement of the amount owed in December, 1982. When suit was filed in February, 1983, additional interest charges had accrued. Therefore, the amount set forth in the petition was an accurate statement of the amount owed at that time.
The demand letter must correctly set forth the amount due at the time the letter was written. The amount stated in the demand letter and the amount recovered in the judgment do not have to be the same for a party to recover attorney's fees under La.R.S. 9:2781. Texas Industries, Inc. v. Roach, 426 So.2d 315 (La.App. 2d Cir.1983).
*10 Appellants further contend that the requirements of § 2781 were not met because appellees did not prove the invoices were enclosed with the demand letter. The letter clearly stated that a copy of an itemized statement of the account was enclosed. Copies of both the letter and the statement were introduced at trial.
A similar situation arose in United Distributors, Inc. v. Redfern, 449 So.2d 580 (La.App. 1st Cir.1984) where ledger cards but no copies of invoices were attached to the demand letter. The court held that ledger cards could not be substituted for copies of invoices as required by § 2781. A statement of account is very similar to ledger cards. Since the invoices were not mailed with the demand letter, the requirements of § 2781 were not met and that portion of the judgment assessing attorney fees must be reversed.

II.
Appellants allege that the city court committed reversible error in failing to sustain appellants' exception of prematurity and/or estoppel.
Prematurity is a defense which must be raised through the dilatory exception pursuant to the Louisiana Code of Civil Procedure. The dilatory exception must be pleaded prior to answer. If the exception is not filed prior to answer, the objection is waived. La.C.C.P. arts. 926, 928; Wood v. Wood, 440 So.2d 906 (La.App. 2d Cir. 1983). Since appellants raised their objection of prematurity in the answer, the objection is waived.
Appellants' final argument is that Sears should be estopped from demanding payment of the total amount due. This argument has two parts. First, appellants argue that by allowing delinquent payments over a period of time, Sears led appellants to believe that they would be given time to catch up on their payments. The evidence shows that Sears did accept late payments and payments below the required minimum. The evidence also shows that Sears notified appellants of the late and/or insufficient payments and requested that the amount due be paid. Finally, appellants failed to make any payment at all. The last payment was made on October 12, 1982. In early December, Sears contacted its attorneys to have a demand letter written, requesting payment of the amount due within thirty days. We find that Sears did not lull appellants into a false sense of security, but rather constantly tried to obtain full payment.
Second, appellants contend that after receipt of the demand letter, the parties entered into an agreement which gave appellants additional time to pay. They argue that the agreement constituted a novation.
The city court found there was no evidence of such an agreement. Further, the city court correctly concluded that even if there had been an agreement, it would not be binding since there was no proof of a novation.
Novation is not presumed; the intention to make it must clearly result from the terms of the agreement, or by a full discharge of the original debt. La.Civil Code art. 2190. There was proof of neither a full discharge of the original debt nor an agreement which clearly intended to constitute a novation. Accordingly, the city court did not err in dismissing the reconventional demand based on novation.
For the foregoing reasons, we affirm the judgment of the trial court against defendant in the amount of $1,242.95 plus interest from the date of judicial demand. We reverse the award of attorney's fees. Costs are to be borne by appellants.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] It was stipulated that as of the date of the demand letter, defendants owed this amount to Sears.