CANNELLA, Judge.
Defendants, Michael G. and Brenda Kellar Lewis, appeal from a judgment on open account rendered in favor of plaintiff, Jefferson Door Company, Inc., awarding plaintiff $6,309.20, attorney fees of $2,724.90 and a service charge of 18% from April 30, 1995 until paid. For the reasons which follow, we affirm.
Defendant, Michael G. Lewis, made certain purchases from plaintiff in connection with the construction of a home he was building at 3720 Des Allemands, Harvey, Louisiana. Due to alleged problems with the products, he withheld payment of the balance due for the merchandise purchased from plaintiff. On June 19, 1995, counsel for plaintiff wrote a demand letter to defendant and mailed it by certified mail, return receipt requested. The letter was addressed to Michael G. Lewis at 500 Solon Street, Gretna, Louisiana, the address which defendant had originally given to plaintiff in his credit application. The letter was eventually returned as unclaimed. On July 21, 1995, plaintiff filed suit on open account against Michael G. and his wife, Brenda Lewis. The suit alleged that |3defendants were solidarity liable to plaintiff for the $6,309.20 balance on the account, for attorney fees and for an 18% service charge. The record before us indicates that on August 11,1995 Michael G. Lewis answered the petition in proper person with a general denial and alleging further that the merchandise was defective.[1]
On August 14, 1995 plaintiff filed a motion to set the matter for trial. Trial was originally set for November 21, 1995, but continued without date because of lack of service. On January 16, 1996 plaintiff filed a motion to reset the matter for trial and requested that a special process server be appointed to serve notice of trial upon defendants. Trial was reset for March 5, 1996 and a person was appointed to serve the notice of trial on defendants. On March 5, 1996 the trial proceeded in defendants’ absence. Judgment was rendered against defendants on March 20, 1996. On January 15,1997, this court set aside the trial court judgment for lack of service on defendants of notice of the trial date. The case was remanded for further proceedings.
*837 On remand, the matter was retried with all parties present and, on August 4, 1997, judgment was again entered against defendants “jointly, severally and in solido” in the amount of $6309.20, plus a service charge of 18% from April 30, 1995 until paid and attorney’s fees of $2,724.90. Costs were ordered to be paid by defendants in the amount of $419.94 and by plaintiff in the amount of $697.43. It is from this judgment that defendants now appeal.
On appeal, defendants assert two assignments of error. They do not take issue with the judgment insofar as it orders them to pay $6,309.20 for the balance Lon the account for the merchandise received from plaintiff. Therefore, that part of the judgement is affirmed. Rather, they argue only that the court erred in awarding attorney fees and a service charge or interest of 18%.
Defendants correctly argue that the award of attorney fees in a suit on an open account is governed by La. R.S. 9:2781. They further argue that plaintiff did not comply with the statutory provisions therein, entitling plaintiff to an award of attorney fees.
La. R.S. 9:2781 provides in pertinent part:
A. When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant’s attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Evidence of receipt of written demand by the spouse of the debtor, when they are living together as husband and wife, on behalf of the debtor may be introduced as evidence of written demand on the debtor.
B. If delivery of written demand on the debtor is attempted, but not accomplished because circumstances made delivery of voritten demand impossible, a notation, on the envelope containing the written demand, made by the person attempting delivery stating the date of the attempted delivery, the reasons why delivery could not be accomplished, along with the initials of the person attempting delivery and making said notation may be introduced as evidence of written demand on the debtor. If the judge in his discretion finds that sufficient evidence of due diligence in delivery of written demand has been made, he may make a conclusion of written demand for purposes of justice and find that there has been written demand on the debtor. (Emphasis provided.)
Because an award for attorney fees is exceptional and penal in nature, the Isstatute must be strictly construed. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014 (La.1984); Louisiana Industries v. Bogator, Inc., 605 So.2d 213 (La.App. 2nd Cir.1992). The plaintiff has the burden of proving its entitlement to attorney fées under La. R.S. 9:2781 by proof of either the defendant’s receipt of written demand or proof that plaintiff exercised due diligence in attempting delivery of the written demand. Louisiana Industries v. Bogator, Inc., supra; Sandair Corporation v. Davis Industries, 470 So.2d 279 (La.App. 5th Cir.1985).
In the instant case, the written demand which plaintiff attempted to have delivered was sent by certified mail, return receipt requested. The letter was returned to the plaintiff with a notation by the post office “unclaimed.” The letter had been addressed to Michael G. Lewis at 500 Solon Street, Gretna, Louisiana. This was the address that defendant had given plaintiff in the credit application. Plaintiff had not been notified by defendants of a change of address.
Thus, the issue before us is whether the evidence presented establishes that the plaintiff exercised due diligence in attempting to deliver written demand to the defendants as required by La. R.S. 9:2781.
Plaintiff’s sent the demand letter to the address defendant had given on the credit application. Defendant had not notified plaintiff of a change of address. Defendant *838 retained an ownership interest in the Solon Street property and his brother was residing in the house. Defendant received other mail at the Solon Street address and would check periodically for mail at that location. Plaintiff sent the’ demand letter to the only address given them by defendant. Delivery was attempted three different times. Accordingly, we find that the due diligence requirement of La. R.S. 9:2781 was complied with and the trial court did not err [ fiin awarding attorney fees.
Defendants also argue that the trial court erred in awarding a service charge of 18% from April 30,1995 until paid.
La. C.C. art. 2924(C)(1) provides:
The amount of the conventional interest cannot exceed twelve percent per annum.
However, La. C.C. art. 2924(D) provides an exception for commercial transactions, as follows:
The provisions, of this Article shall not apply to a loan made for commercial or business purposes, or deferring payments of an obligation for commercial or business purposes.
Thus, the question presented for our review is whether the evidence indicates that defendants entered into a commercial and/or business transaction or a personal one.
The application for credit, which is the contract between the parties, indicates that it was entered in the name of Michael G. Lewis. No business affiliation is associated with the credit applicant. There is a blank on the Confidential Credit Application for “Present Employer” in which it is written “Michael Lewis Ins. Agency”. McMahon who dealt with defendant testified that he knew that the merchandise was being purchased for a home that Michael G. Lewis was building. John Ward Vandervort (Vandervort), who approved the credit applications testified that he did not speak with Michael Lewis but relied solely on the information in the application in approving it. Plaintiff presented testimony that it is a wholesale supplier and does business as a wholesaler. There is nothing on the credit application indicating that this' was a purchase being made for personal use.
RBoth parties rely on the case Spencer v. Boucher, 587 So.2d 97 (La. 2nd Cir.1991). In that case the court held that the transaction was commercial, noting that the deciding factor was the debtor’s objective representations.
In this case, there were no objective representations that the purchased items were for personal use. The credit application does not evidence the fact that defendant was purchasing the merchandise for personal use. Vandervort testified that he relied solely on the credit application, and a credit report on Michael Lewis, in deciding to extend the credit to Lewis for the purchase of the materials. Plaintiff is a wholesaler who typically sells for business purposes and not for personal use by the purchaser. Therefore, we find that the loan was made for commercial or business purposes and that the interest rate applied thereto was within legal limits.
Accordingly, for the reasons stated above, the. judgment by, the trial court is affirmed. Costs of appeal are assessed against defendants.
AFFIRMED.

. It is stated in plaintiffs brief that both defendants filed an answer to the petition, but there is nothing in the record before us indicating that Brenda Lewis filed an answer.