900 So.2d 119 (2005)
CHRYSLER FINANCIAL COMPANY, L.L.C.
v.
GENE DUCOTE AUTOMOTIVE, L.L.C.
No. 04-CA-1223.
Court of Appeal of Louisiana, Fifth Circuit.
March 1, 2005.
*120 Richard A. Aguilar, Gabriel A. Crowson, New Orleans, Louisiana, for Plaintiff/Appellee.
Claude F. Reynaud, Jr., Jeanne C. Comeaux, Lauren S. Coenen, Baton Rouge, Louisiana, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
In this suit on open account, the trial court granted summary judgment in favor of plaintiff. For the reasons stated herein, we affirm.

Facts and Procedural History
On February 28, 2001, Chrysler Financial Company, L.L.C. filed the instant petition against Gene Ducote Automotive, L.L.C. to collect amounts due under a Vehicle Financing Agreement executed between the parties on June 11, 1985. Gene Ducote filed an answer to this petition on May 1, 2001. On January 29, 2002, Chrysler filed a motion for summary judgment alleging that there is no genuine issue of material fact and that Chrysler is entitled to judgment as a matter of law. Following a hearing on March 26, 2002, the trial court denied the summary judgment to allow Gene Ducote to complete discovery, and the court reserved Chrysler's right to re-urge this motion. On January 23, 2003, Chrysler re-urged its motion for summary judgment contending that it was entitled to summary judgment against Gene Ducote in the amount of $41,375.20. This motion was heard by the trial court on February 18, 2004, and by judgment rendered on June 11, 2004, the trial court granted summary judgment in favor of Chrysler and against Gene Ducote in the amount of $41,375.20, together with judicial interest, attorney's fees and costs. Gene Ducote now appeals from this judgment.
*121 On appeal, Gene Ducote contends that the trial court erred in granting summary judgment in this case as there are issues of material fact regarding the validity of Chrysler's alleged debt. Appellant also contends that Chrysler's claims are barred by prescription.

Law and Discussion
Appellate courts review summary judgments de novo under the same criteria that governed the district court's consideration of whether summary judgment is appropriate. Dunn v. Pons, 03-1486 (La.App. 5 Cir. 4/27/04), 873 So.2d 811, 813; Prince v. K-Mart Corporation, 99-253 (La.App. 5 Cir. 8/31/99), 742 So.2d 718, 720. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. In order to prove an open account, Chrysler must first prove the account by showing that the record of the account was kept in the course of business and by introducing supporting testimony regarding its accuracy. Once a prima facie case has been established by a plaintiff-creditor, the burden shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits. The amount of an account is a question of fact which may not be disturbed absent manifest error. Cline v. George Kellett & Sons, Inc., 96-456 (La. App. 5 Cir. 11/14/96), 685 So.2d 206, 208.
The record in this case indicates that Chrysler and Gene Ducote were parties to a Vehicle Financing Agreement dated June 11, 1985. Pursuant to this Agreement, Chrysler purchased retail installment contracts from Gene Ducote evidencing the retail sale of vehicles sold on credit by Gene Ducote. The Agreement required Chrysler to maintain a reserve account for payment of the contract amounts, and required Chrysler to pay to Gene Ducote the balance in the reserve account on a quarterly basis. The Agreement further provides as follows:
If any part of the difference between the cash price and the total time sale price shall be refunded or rebated by you [Chrysler] to the obligor of a Contract for any reason, including prepayment, we [Gene Ducote] agree to pay to you in cash an amount which will bear the same ratio to the Contract Reserve as the amount of the refund or rebate bears to the amount on which it was computed. If you sustain a loss with respect to a Contract purchased by you from us, we agree to pay to you the Contract Reserve; provided, however, that our liability to make such payment shall not exceed the amount of your loss.
Chrysler contends that this provision obligates Gene Ducote to pay for any "chargebacks" caused when a customer's actions affected the financing obligations under the retail installment contracts, such as a repossession or a prepayment in full. Chrysler contends that pursuant to the Agreement it maintained a special reserve account for this purpose which contained a running balance of the amount owed by Ducote to Chrysler, referred to by the parties as the "deficit reserve balance."
In support of its motion for summary judgment, Chrysler submitted the affidavits of several of its employees who each stated that the deficit reserve balance as of December, 1999 was $41,375.20, and that demand was made on Gene Ducote for this amount pursuant to the terms of the agreement but no payment had been received. Chrysler also submitted a copy of the Dealer Reserve Statement sent to Gene Ducote which is dated November 30, 2001 and shows a balance forward of *122 $41, 375.20. Chrysler also submitted copies of invoices and account histories showing activity on the reserve account from January of 1996 through February of 2002 which support the balance listed on the dealer reserve statement. In conjunction with these documents, Chrysler submitted the affidavit of its employee George Tallant who stated that these documents are business records of Chrysler which are kept in the ordinary course of business of Chrysler. Finally, Chrysler submitted a copy of a demand letter dated February 5, 2001 in the amount of $41,375.20 sent via certified mail by the attorney for Chrysler to Don Ducote of Gene Ducote Automotive and its attorney.
In opposition to the motion for summary judgment, Gene Ducote submitted the affidavit of its comptroller, Karen Canfill, who stated that Gene Ducote disputes the amounts claimed by Chrysler in the dealer reserve statement. The record also contains the affidavit of Nancy Bray, a comptroller for Gene Ducote, who stated that the invoices submitted by Chrysler are disputed and that the only payments to the account made by Gene Ducote were imputed to a special account as noted on the checks.
On appeal, Gene Ducote contends that the dealer reserve statement submitted by Chrysler showing the balance forwarded is insufficient to prove the amount of the debt which is owed. Gene Ducote contends that Chrysler must submit more than just a single invoice to evidence the amount of the debt. Although Gene Ducote acknowledges that Chrysler did produce some of the retail installment contracts and dealer reserve statements associated with the debt, these documents do not represent the entire debt. Appellant contends that the documents submitted by Chrysler only support a portion of the debt they claim is owed.
However, the record contains all of the dealer reserve statements from January of 1996 through February of 2002, which comprise the entire reserve balance claimed by Chrysler. Further, Chrysler submitted account history reports of each retail installment contract. Although Chrysler was unable to submit a copy of every retail installment contract, this documentation is not necessary to prove the existence of the debt in this case.
In the present case, Chrysler has proven the existence of the reserve account which was established pursuant to the agreement between the parties. Further, Chrysler established the accuracy of the reserve balance by introducing all of the reserve statements from January of 1996 through February of 2002, as well as the account history reports for the transactions associated with each retail installment contract that resulted in such a balance. These reserve statements itemize the credits and charges to the reserve account since January of 1996, and the statements evidence the entire reserve balance claimed by Chrysler. Further, Chrysler submitted the affidavit of its employee, George Tallant, who stated that the reserve statements are kept in the ordinary course of business that accurately reflected amounts due from Gene Ducote to Chrysler.
In contrast, Gene Ducote failed to submit any evidence to disprove the existence of the reserve account or the accuracy of the amounts owed. Although Gene Ducote contends that Chrysler was required to submit copies of each retail installment contract, the record indicates that the original documents were in the possession of Gene Ducote, yet they were not produced. Gene Ducote submitted the affidavit of its comptroller who made a conclusory statement that Ducote disputed the amounts *123 claimed by Chrysler. However, Gene Ducote failed to submit any type of evidence tending to prove the inaccuracy of the account or prove that it was entitled to a credit for the amounts claimed by Chrysler.
Under the circumstances presented herein, we find no error of the trial court in granting summary judgment in this case. The record shows that Chrysler made a prima facie case of proving the existence and accuracy of the account. Chrysler is entitled to judgment as a matter of law.
Appellant argued both in the trial court and on appeal that Chrysler's claims on open account have prescribed. We do not agree.
Pursuant to La. C.C. art. 3494, a suit on open account prescribes in three years. Prescription begins to run from the date of the last charge, purchase, payment or credit entry on the account. Tolmas v. Weichert, 616 So.2d 244, 246 (La. App. 4 Cir.1993), writ denied, 620 So.2d 878 (La.1993).
In the present case, the record indicates that the last activity on the reserve account occurred in 1999. Copies of the dealer reserve statements submitted by Chrysler show that there were two chargebacks to the account in 1999: one in January for $2,301.66 and another in November for $1,349.94. These chargebacks represent instances where Chrysler received less in financing than anticipated in the installment contract as the vehicles were repossessed from their owners prior to the expiration of the contract. The Agreement between Chrysler and Gene Ducote contained a provision whereby a chargeback for this type of situation was authorized.
Although Gene Ducote contends that these charges did not interrupt prescription as the repossessions were caused by third parties and not by Ducote, we find no merit in this argument. As stated previously, the terms of the Agreement between the parties specifically authorizes Chrysler to enter a chargeback on the reserve account in the event of a repossession. Further, although Gene Ducote contends that the payments made to the account in 1998 and the charges entered on the account in 1999 were imputed to a specific account, the record fails to bear this out. Nothing in the record or in the terms of the Agreement proves that the payments on the account made by Gene Ducote in 1998 were imputed to a specific account. Although the affidavit of the comptroller for Gene Ducote stated that the payments were imputed, there is no evidence that Gene Ducote notified Chrysler that the payments were intended to be imputed.
Further, the chargebacks in 1999 were made in accordance with the agreement of the parties, and there is no provision regarding assigning these charges to a specific account. Rather, the agreement provided that a single reserve account would be maintained by Chrysler to facilitate the payments between the parties. The chargebacks form the basis of Gene Ducote's obligations under the Agreement, and they constitute a charge on the open account sufficient to interrupt the running of prescription.
Accordingly, based on applicable law and the facts of this case, we fail to find that Chrysler's demands have prescribed. We therefore find no error of the trial court in failing to find that Chrysler's petition is barred by prescription.

Conclusion
Chrysler Financial Company, L.L.C. made a prima facie case of its entitlement to payment of the entire deficit reserve *124 balance of $41,375.20. Gene Ducote Automotive, L.L.C. failed to prove the existence of a material fact which would preclude summary judgment in this case. Thus, Chrysler is entitled to judgment as a matter of law. The judgment of the trial court rendered on June 11, 2004 in favor of Chrysler and against Gene Ducote in the amount of $41,375.20 plus judicial interest, reasonable attorney's fees and costs, is hereby affirmed. Gene Ducote is to bear all costs of this appeal.
AFFIRMED.
CANNELLA, J., Dissents.
CANNELLA, J., dissenting.
Since appellate courts review summary judgments do novo, we should not apply the manifest error analysis to the actions of the trial court and we should look at each element of required proof de novo. The amount or accuracy of the account is an element of proof required by Chrysler Financial Company, L.L.C. (Chrysler). Chrysler must prove that accuracy amount or by a prima facie case over the case presented by Gene Ducote Automotive, L.L.C. (Gene Ducote). The proof by Chrysler was affidavits of employees that the figures were correct and the amount was $44,375.20. The counter proof by Gene Ducote was affidavits of employees that the figures were not correct. Neither party proved a prima facie case of the amount owed. Therefore, regarding the amount of the account, there is a genuine issue of material fact and a summary judgment should not be granted.