945 So.2d 116 (2006)
Jennifer VICKNAIR as Natural Tutrix of her Minor Son Trevor Greiner, and Ross A. Louque as Administrator of the Estate of his Minor Son Trevor Louque
v.
ST. JAMES PARISH SCHOOL BOARD.
No. 06-CA-381.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2006.
Ricky L. Babin, Assistant District Attorney, 23rd Judicial District Court, Gonzales, Louisiana, for Defendant/Appellant.
Robert D. Levenstein, Attorney at Law, LaPlace, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
This is an appeal by the St. James Parish School Board (Board) from a judgment ordering indemnification to a teacher *117 found to be liable in solido with the Board for damages to a student. For reasons that follow, we affirm.
The underlying action is a suit for damages filed by the parents of two minor children who sustained minor injuries when Allison Criddle, a Board employee, pinched and shoved them as they attempted to throw their plates away in the school cafeteria. After a trial on the matter, the court found the Board liable and awarded general damages, as well as damages for mental anguish to both children. The Board appealed the matter. On review this Court held Criddle liable in solido with the Board and affirmed the award of damages.[1]
Subsequently, plaintiffs filed a "Petition for garnishment and annexed interrogatories" which resulted in a judgment of garnishment, and a "Motion for examination of judgment debtor." Criddle filed a "Rule to show cause for indemnification, suspension of garnishment, and for attorney fees, costs and damages," in which she sought a cessation of garnishment, and asserted a right to full indemnification from the Board pursuant to La. R.S. 17:416.4.[2]
The Board filed for a protective order arguing that the judgment debtor examination must be limited to the issue of whether an appropriation has been made to pay the judgment. Criddle opposed the motion as it related to the issue of indemnity. The Board also filed dilatory exceptions of unauthorized use of summary proceeding, and of improper cumulation of actions, and a peremptory exception of no cause of action.
At the hearing, Criddle acknowledged that the two dilatory exceptions had merit and, with consent of the Board, severed the portion of the pleading regarding damages from the issue of indemnification.
*118 The Board's argument before the bench in the trial court was twofold and combined an argument on the merits of the indemnification issue with an argument on the exception of no cause of action as to the judgment debtor rule. As to the merits of the right to indemnification, the Board acknowledged that the judgment against Criddle did not made a "specific decree in the judgment that the action of the employee was maliciously, willfully, and deliberately intended to cause bodily harm or to harass or intimidate the student" as provided for in the applicable statute. However, the Board asserted that the statute should be interpreted to exclude indemnification when the action by the employee is intentional as a matter of public policy.
In support of the no cause of action exception, the Board argued that, should a judgment of indemnification be entered, as a public entity it cannot be compelled to pay. Consequently, there can be no judgment debtor rule against it.
The trial court heard arguments of both parties and ultimately decided to grant the protective order filed by the Board regarding the judgment debtor rule. The court also rendered a judgment, in which it found that the Board is obligated to indemnify Criddle, and further ordered the suspension of the garnishment of Criddle's wages. Finally, the court decreed that the exceptions were satisfied. The Board appeals the judgment on the issue of indemnification. Criddle seeks sanctions for frivolous appeal.
La. R.S. 17:416.4 A, reads in pertinent part as follows:
..... Should any such employee be cast in judgment for damages in such suit, it shall be the obligation of the school board employing such defendant to indemnify him fully against such judgment......
It is clear from the above that indemnification by the Board of an employee is mandatory. The exception to that is contained in La. R.S. 17:416.4 C which provides as follows:
C. Nothing in this Section shall require a school board to indemnify an employee against a judgment wherein there is a specific decree in the judgment that the action of the employee was maliciously, willfully, and deliberately intended to cause bodily harm or to harass or intimidate the student.
The issue before the Court is the correct interpretation of La. R.S. 17:416.4 C. The statute makes it clear that there must be a "specific decree in the judgment" that the actions of the employee were malicious, willful or "deliberately intended to cause bodily harm or to harass or intimidate the student." The original judgment in the underlying action did not make a finding of liability on the part of Criddle; therefore, there was no such decree in the judgment. Further, although she was found liable in solido by this Court in the appeal, we made no such decree.[3]
In making his decision, the trial court judge gave oral reasons that have been transcribed and are before this Court. In those reasons the trial judge stated:
I'll tell you this, for the record, and for appeal purposes or whatever, I did not make those statements in the judgment. I will specifically say right now it was not the court's intent to infer that her acts were malicious, willful or deliberate.
Given the clear requirement of the statute that a "specific decree" must be made to relieve the Board of its duty to indemnify an employee, we find the trial court was *119 correct in its interpretation of the law and the resulting judgment. See: Haley v. Mc.Manus, 593 So.2d 1339 (La.App. 1 Cir. 1991).
Criddle asks this Court to award damages for frivolous appeal. However, the failure either to cross-appeal or to answer the appeal precludes us from considering that argument. La.C.C.P. Arts. 2082, 2133.
For the foregoing reasons, the judgment of the trial court is affirmed and the matter is remanded.
AFFIRMED AND REMANDED.
NOTES
[1] Vicknair et al. v. St. James Parish School Board, 05-149 (La.App. 5 Cir. 6/28/05), 907 So.2d 820 (J. Daley dissents)
[2] A. In addition to the provisions of R.S. 17:416.1(C), 416.3(B) and (C)(2)(a), and 416.6(B), should any public school employee be sued for damages by any student or any person qualified to bring suit on behalf of any student based on any action or statement or the omission of any action or statement by such employee when in the proper course and scope of his duties as defined by the school board employing such employee, then it shall be the obligation of said school board to provide such defendant with a legal defense to such suit including reasonable attorney fees, investigatory costs, and other related expenses. Should any such employee be cast in judgment for damages in such suit, it shall be the obligation of the school board employing such defendant to indemnify him fully against such judgment including all principal, interest, and costs, except that the school board shall not be responsible for any costs which the court stipulates are to be borne by a party other than the employee or school board.

B. If the school board provided the defense and the judgment makes an award to the employee for damages or other awards for costs or any fees, the employee shall reimburse the school board for its costs incurred for the defense. The requirement of reimbursement by the employee shall not exceed the award received by the employee.
C. Nothing in this Section shall require a school board to indemnify an employee against a judgment wherein there is a specific decree in the judgment that the action of the employee was maliciously, willfully, and deliberately intended to cause bodily harm or to harass or intimidate the student.
D. It shall be the responsibility of each city and parish school board to notify its employees of the provisions for legal defense and indemnification as provided in this Section and to provide such information in writing in a clear and concise manner to its employees on an annual basis prior to the beginning of each school year.
E. For purposes of this Section, the term city and parish school board shall include the municipal school systems recognized by the provisions of Article VIII, Section 13(D) of the Constitution of Louisiana.
[3] Vicknair et al. v. St. James Parish School Board, supra.