ALAN KAYE, MD

VERSUS

RONALD A. KARP AND LAW OFFICE
OF KARP, WIGODSKY, NORWIND &
GOLD, P.A.

NO. 19-CA-194

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE FIRST PARISH COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 158-893, DIVISION "B"
HONORABLE THOMAS F. GARDNER, JUDGE AD HOC PRESIDING


December 30, 2019


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and John J. Molaison, Jr.


**DECEMBER 18, 2018 JUDGMENT AFFIRMED; FEBRUARY 21, 2019**
**JUDGMENT REVERSED IN PART, JUDGMENT AMENDED AND**
**AFFIRMED AS AMENDED**

    **SJW**
    **FHW**
    **JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
ALAN M. KAYE, MD
Paul A. Lea, Jr.

COUNSEL FOR DEFENDANT/APPELLANT,
LAW OFFICE OF KARP, WIGODSKY, NORWIND & GOLD, P.A.
Shayna Beevers Morvant
Steven M. Mauterer

**WINDHORST, J.**

Appellant, the Law Office of Karp, Wigodsky, Norwind & Gold, P.A. ("the Firm"), seeks review of (1) the trial court's February 21, 2019 judgment in favor of appellee/plaintiff, Alan Kaye, M.D., and against the Firm in the amount of Twenty Thousand ($20,000) dollars, 15% attorney fees on the principal amount, legal interest from the date of judicial demand until paid and all court costs; and (2) the trial court's December 18, 2018 interlocutory judgment denying the Firm's motion for partial summary judgment. For the reasons stated herein, we affirm the trial court's December 18, 2018 judgment denying the Firm's motion for partial summary judgment. We further reverse the award of attorney fees in the February 21, 2019 judgment, amend the judgment to delete the award of attorney fees and as amended, affirm the February 21, 2019 judgment.

## PROCEDURAL HISTORY

On March 28, 2016, Dr. Kaye, a board certified anesthesiologist practicing and living in Jefferson Parish, filed a petition on open account in First Parish Court against defendants, Ronald Karp ("Karp"), individually, and the Firm, a Maryland law firm. In the petition, Dr. Kaye contended he was contacted and retained by the Firm to testify as an expert witness in a medical malpractice case involving the Firm's client, Delores Moore, in Virginia, as per his fee schedule that he emailed to the Firm. He asserted the Firm agreed to pay for his services and directed him to examine Ms. Moore out of state, review numerous and voluminous medical records, and provide deposition and trial testimony as an expert. The petition alleged that the Firm refused to pay the balance of his bill for services rendered in the amount of $27,437.47, despite demand.

In response, defendants filed exceptions of lack of subject matter jurisdiction, personal jurisdiction, and no cause of action. Before the hearing on defendants'

exceptions, Dr. Kaye filed a motion to amend his petition lowering the amount claimed to $20,000.00 to meet the jurisdictional requirements of parish court.[1]

On June 22, 2016, the trial court granted Karp's exception of no cause of action and Karp was dismissed with prejudice. The trial court found the exception of lack of subject matter jurisdiction "moot considering the filing of the Motion to Amend Petition reducing the principal demand to $20,000.00." The trial court overruled the Firm's exception of personal jurisdiction and further found that the exception of lack of personal jurisdiction as to Karp was "moot and/or pretermitted."

The Firm sought supervisory review of the judgment overruling its exception of lack of subject matter jurisdiction with this Court. The majority of a five-judge panel of this Court granted the writ application, granted the Firm's exception of lack of personal jurisdiction, and remanded the matter to the trial court for further proceedings.

On October 4, 2016, in response to this Court's disposition, Dr. Kaye filed a motion to file a second amended petition, which was granted. The second amended petition, filed November 18, 2016, alleged that the Firm contacted him to retain his services as an expert and described in detail the services he provided at the request of and under the direction of the Firm. Dr. Kaye alleged that he performed the services in accordance with the agreement in Louisiana and out of state. He asserted that his deposition for the medical malpractice case was taken in Jefferson Parish and that a member of the Firm traveled to Louisiana to prepare for, attend, and defend Dr. Kaye in the deposition. The second amended petition alleged that the Firm was indebted to him in the amount of $20,000.00.

On December 8, 2016, the Firm filed an exception of lack personal jurisdiction and dismissal with prejudice as to the second amended petition. On April 19, 2017,

---

[1] The record does not contain an amended petition attached to or filed with this motion.

the trial court granted the exception, dismissing Dr. Kaye's claims against the Firm with prejudice. Dr. Kaye appealed. On December 27, 2017, this Court found that the second amended petition, on its face, established sufficient minimum contacts over the Firm such that jurisdiction in Louisiana was proper. This Court reversed the trial court's judgment and remanded for further proceedings.

On March 21, 2018, the Firm filed an answer and affirmative defenses to the second amended petition. On September 7, 2018, the Firm filed a motion for partial summary judgment arguing that Dr. Kaye was not entitled to attorney fees pursuant to La. R.S. 9:2781. The Firm claimed that the evidence showed that Dr. Kaye failed to submit a written demand correctly setting forth the amount owed pursuant to La. R.S. 9:2781. On December 18, 2018, the trial court denied the Firm's motion.

The matter proceeded to a trial on the merits on February 6, 2019. At the conclusion of the trial, the trial court rendered judgment in favor of Dr. Kaye and against the Firm in the amount of Twenty Thousand ($20,000.00) dollars, 15% attorney fees on the principal amount, legal interest from the date of judicial demand until paid and all court costs. The judgment was signed on February 21, 2019.[2] On February 21, 2019, the trial court issued a separate document captioned "Findings of Fact, Reasons for Judgment, and Order for Entry of Judgment." This appeal followed.

**FACTS**

At the trial, the following uncontroverted facts were established through the evidence and testimony. In 2014, Karp, a managing partner at the Firm, contacted Dr. Kaye and requested he serve as an expert witness in the Moore case pending in Virginia. Dr. Kaye, as part of his usual business practice, sent Karp his fee schedule for rendering professional services. The fee schedule provided the following rates

---

[2] For purposes of this appeal, this opinion is rendered as to this judgment.

for Dr. Kaye's services: (1) general rate of $500.00 per hour; (2) trial testimony $5,000.00 a day; (3) travel expenses $100.00 per hour; (4) deposition testimony $800.00 per hour; and (5) initial retainer fee of $5,000.00. In October 2014, after reviewing Dr. Kaye's fee schedule, the Firm mailed Dr. Kaye the initial retainer fee of $5,000.00 and the medical records for their client in the Moore case. Over a period of approximately 17 months, Dr. Kaye provided on-going professional services to the Firm, including the following: (1) frequently discussing the Moore case with several attorneys at the Firm; (2) reviewed and re-reviewed after updates, the deposition transcripts of experts and fact witnesses, medical literature,[3] expert reports, and records; (3) examined Ms. Moore on three separate occasions (two times in Virginia and once in Louisiana); (4) appeared for a deposition in Louisiana that lasted at least four hours; (5) assisted with creating an animation for the Moore case; (6) spent two days in Virginia for the Moore trial, working with the Firm attorneys the entire day before the Moore trial until approximately 1:00 A.M. and the day of the trial testifying.

Dr. Kaye testified he does not have a business enterprise. He is a "one-man operation" and that as part of his usual billing practice he sent invoices for services rendered to the Firm. Dr. Kaye sent the Firm invoices for work performed for a total amount due of $52,651.73, of which the Firm only paid Dr. Kaye $21,614.23, leaving a remaining balance due of $31,037.50. The first invoice[4] issued to the Firm was for a total amount due of $9,750.00. In the first invoice, the Firm was given credit for its $5,000.00 retainer fee leaving a remaining balance of $4,750.00, which was subsequently paid by the Firm.[5] The second invoice issued to the Firm was for

---

[3] Dr. Kaye testified he reviewed over a 100 articles during the period of time he was retained by the Firm. The Firm did not submit any testimony or evidence to refute Dr. Kaye's credible testimony.

[4] It appears there were more than four invoices; however, the invoices are numbered one through four in this opinion based on the invoices admitted into evidence and considered by this Court.

[5] Although the check for $4,750.00 was admitted into evidence as "P5," it is not contained in the record. We note the first invoice was admitted into evidence as P5. Nevertheless, as this fact was not disputed by the parties, we accept it for purposes of determining what the Firm paid Dr. Kaye.

a total amount due of $6,864.23. The Firm subsequently submitted two payments in the amount of $2,000.00 each. Dr. Kaye testified that he stopped receiving payments thereafter and spoke with Karp. He informed Karp that if he did not start receiving payment, he would not attend his deposition or testify at the trial in Virginia. Dr. Kaye testified Karp reassured him that he would be paid in full after the trial. Dr. Kaye sent a third invoice that contained the remaining balance due from the second invoice and the new amounts of $2,275.00 and $15,130.00 for a total amount due of $22,169.23.[6] The Firm remitted another $5,000.00 payment. Dr. Kaye sent a fourth invoice, which included the remaining balance due of $12,304.97 and a new amount due of $18,632.50 for "Feb.-March, 2016," for a total amount due of $30,937.47.[7] Dr. Kaye testified the new amount included his fees for two (2) days of trial (day before trial and day of trial) plus expenses and food. When further questioned about alleged double billing for trial testimony, Dr. Kaye testified that he did not double bill for trial testimony. He testified that he charged $5,000.00 for his testimony on the day of trial and a second $5,000.00 was charged for the day before trial (plus expenses *i.e.*, food, travel). He stated he would normally charge his hourly rate ($500.00 per hour) for his time spent the day before trial; however, in this case, it was cheaper to charge the Firm the flat fee charged for trial dates ($5,000.00) then the amount charged hourly because he was with the Firm attorneys until about 1:00 A.M. He testified he was giving the Firm a discount. Thereafter, Dr. Kaye testified the Firm only remitted an additional payment $2,864.23. Dr. Kaye testified that no one at the Firm ever questioned his invoices or requested he provide a more in depth or detailed invoice to justify the amount billed for services rendered prior to him

---

[6] We note there is an error in the mathematical calculation on the third invoice resulting in a $100.00 difference. Using the amounts provided on the invoice, the correct total amount due would be $22,269.23 instead of $22,169.23.

[7] We also note there is an error in the mathematical calculation on the fourth invoice resulting in a $100.03 difference. Using the amounts provided on the invoice, the correct total amount due would be $31,037.50 instead of $30,937.47.

filing this petition on open account. He further testified that after his trial testimony, he relinquished all of his documents to the Firm as he no longer had any need for them.

Dr. Kaye testified that when he realized he was not going to be paid the remaining amount due, he sent a demand letter in the amount of $30,937.47 to the Firm on March 8, 2016. When he did not receive payment, he filed a petition on open account, wherein he asserted that $27,437.47 was due and owing on the account. He subsequently amended his petition to contend the Firm owed him $20,000.00 to meet the jurisdictional requirements of parish court. He issued another demand letter dated September 14, 2016 to the Firm, asserting the amount due and owing on the open account was $20,000.00.

## DISCUSSION

On appeal, the Firm seeks review of the trial court's February 21, 2019 judgment awarding Dr. Kaye $20,000 plus attorney fees on open account, and the trial court's December 18, 2018 interlocutory judgment denying the Firm's motion for partial summary judgment on the issue of attorney fees.

### *December 18, 2018 interlocutory judgment*

The Firm contends that the trial court erred in denying its motion for partial summary judgment. In its motion, the Firm asserted that Dr. Kaye could not collect attorney fees pursuant to La. R.S. 9:2781. The Firm argued that Dr. Kaye failed to submit a written demand setting forth the correct amount due on the account, and therefore, he was not entitled to attorney fees under the open account statute. Specifically, in the motion and on appeal, the Firm states that Dr. Kaye submitted three different amounts as due and owing: (1) the March 8, 2016 demand letter asserting a balance due of $30,937.47; (2) the March 28, 2016 petition asserting a balance due of $27,437.47; and (3) the amended petition asserting a balance due of $20,000.00. In its motion and on appeal, the Firm contends that it established that

there were inaccuracies in the account and that the correct amount was not demanded; therefore, as a matter of law, attorney fees should have been denied.

Generally, attorney fees are not due and owing a successful party unless specifically provided for by contract or by statute. Killebrew v. Abbot Laboratories, 359 So.2d 1275 (La. 1978). Statutes awarding attorney fees are strictly construed because an award of attorney fees is penal in nature. A Better Place Inc. v. Giani Investment Co., 445 So.2d 728 (1984). La. R.S. 9:2781 provides for reasonable attorney fees for the collection of an amount due on an open account when a party submits a written demand correctly setting forth the amount owed. See Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014 (1984). La. R.S. 9:2781 provides, in pertinent part:

> A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. . . . .

Thus, in order to establish a claim for attorney fees pursuant to La. R.S. 9:2781, a party is required to submit a written demand correctly setting forth the amount due and owing.

The trial court denied the motion for partial judgment finding genuine issues of material fact existed as to the evidence submitted. Upon *de novo* review of the motion for partial summary judgment and the exhibits attached thereto, we find the trial court did not err in denying the Firm's motion for partial summary judgment as rendering a decision on the motion would have required the trial court to weigh evidence and the credibility of Dr. Kaye, which are not proper in a motion for summary judgment. Accordingly, this argument is without merit.

### *Trial on the Merits – award of $20,000.00*

Pursuant to La. R.S. 9:2781, an "open account" is any account for which a part or all of the balance is past due, whether it reflects one or more transactions and whether at the time of contracting the parties expected future transactions. The statute expressly provides that an "open account" includes debts incurred for professional services. La. R.S. 9:2781 D.

In order to sustain an action on open account, a creditor bears the burden of proving the demand by a preponderance of the evidence. Ochsner Clinic Found. v. Arguello, 11-326 (La. App. 5 Cir. 11/29/11), 80 So.3d 622, 625. In order to prove an open account, the creditor must first prove the account by showing that it was kept in the course of business and by introducing supporting testimony regarding its accuracy. Id. Once the creditor has established a *prima facie* case, the burden shifts to the debtor to prove the inaccuracy of the account or to prove that the debtor is entitled to certain credits. Id. The amount of an open account is a question of fact which may not be disturbed on appeal absent manifest error. Chrysler Fin. Co., L.L.C. v. Gene Ducote Auto., L.L.C., 04-1223 (La. App. 5 Cir. 03/01/05), 900 So.2d 119, 121.

Under this standard of review, a court of appeal may not set aside a finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). This manifest error-clearly wrong standard of review is based upon a recognition that the trial court is in a better position to evaluate live witnesses, as compared with the appellate court's access only to a cold record, as well as the proper allocation of trial and appellate functions between the respective courts. Prejeant v. Gray Ins. Co., 15-87 (La. App. 5 Cir. 09/23/15), 176 So.3d 704, 708–09. Therefore, where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and

inferences are as reasonable. Id. at 709. In order to reverse a finding of fact, the appellate court must: (1) find from the record that a reasonable factual basis does not exist for the finding, and (2) determine that the record establishes the finding is clearly wrong or manifestly erroneous. Id.

In several assignments of error, the Firm contends that the trial court was manifestly erroneous in rendering judgment in favor of Dr. Kaye and against the Firm in the amount of Twenty Thousand ($20,000.00) dollars.

The trial court found Dr. Kaye rendered professional services as shown on the invoices and that the Firm was liable for the balance due (an amount over $20,000.00), subject to the $20,000.00 jurisdictional limit of the court, and awarded Dr. Kaye $20,000.00. In written reasons, the trial court made numerous findings of fact to support his ruling in addition to reasons stated on the record at the time judgment was rendered in open court. We find that the factual conclusions made by the trial court are supported by substantial evidence and testimony adduced at trial. While the Firm challenged Dr. Kaye's credibility and the correctness of his invoices and billing methods, it is undisputed that at no time did anyone at the Firm contemporaneously object to or request that Dr. Kaye provide more frequent and detailed invoices prior to Dr. Kaye's testimony in the Moore case in Virginia. Additionally, the Firm did not submit any evidence or testimony at trial to refute Dr. Kaye's credible testimony regarding (1) the invoices; (2) his billing methods; (3) the alleged double-billing; (4) time and services rendered; (5) the alleged inconsistencies in his prior affidavit, deposition and invoices; and (5) returning all documents and his file to the Firm upon completion of his trial testimony.[8] Under these circumstances, we cannot say the trial court was manifestly erroneous or clearly

---

[8] The only witness the Firm called to testify was Robert Leembruggen, "the Controller" at the Firm. Despite notifying the Firm of what he believed to be incorrect formatting of the invoices and cost, Dr. Leembruggen testified he was not aware of any communication sent to Dr. Kaye advising him that the Firm believed his invoices were incorrect.

wrong in finding that the Firm was liable to Dr. Kaye for the balance due on the invoices, subject to the $20,000.00 jurisdictional limit of the parish court.

## *Trial on the Merits – award of attorney fees*

The Firm contends the trial court erred in awarding attorney fees because Dr. Kaye failed to assert the correct amount due upon demand. As to the trial court's February 21, 2019 judgment awarding Dr. Kaye attorney fees, upon review and for the following reasons, we reverse.[9]

To recover attorney fees under the open account statute, a claimant must send a written demand correctly setting forth the amount owed on the open account. La. R.S. 9:2781. Because an award for attorney fees is exceptional and penal in nature, the statute must be strictly construed. Jefferson Door Co., Inc. v. Lewis, 98-26 (La. App. 5 Cir. 05/27/98), 713 So.2d 835, 837. The demand letter must correctly set forth the amount due at the time the letter was written. Sears, Roebuck & Co. v. Larose, 460 So.2d 8 (La. App. 1 Cir. 1984). The amount stated in the demand letter and the amount recovered in the judgment do not have to be the same for a party to recover attorney fees under La. R.S. 9:2781. Texas Industries, Inc. v. Roach, 426 So.2d 315 (La. App. 2 Cir. 1983).

On March 8, 2016, Dr. Kaye sent the Firm a demand letter stating the amount due was $30,937.47. At trial, Dr. Kaye testified the initial amount remaining on the invoices was $31,037.50. Based on the invoices, the amount due was $30,937.47. However, a review of the invoices shows that there was a mathematical error in the third and fourth invoices; therefore, the correct amount due based on the payments made by the Firm was $31,037.50. Thus, there is a difference of $100.03 between

---

[9] In his appellee brief, Dr. Kaye contended that the amount of attorney fees was incorrect and that the judgment should be modified. He further sought damages for a frivolous appeal. However, Dr. Kaye did not appeal the trial court's February 21, 2019 judgment or file an answer to the appeal requesting this relief. The failure either to cross-appeal or to answer the appeal precludes this Court from considering Dr. Kaye's requested relief. See La. C.C.P. art. 2082; La. C.C.P. art. 2133; Petrie v. Michetti, 10-122 (La. App. 5 Cir. 01/11/11), 59 So.3d 430, 441; Vicknair v. St. James School Bd., 06-381 (La. App. 5 Cir. 10/31/06), 945 So.2d 116, 119; Franks v. Royal Oldsmobile Co., 605 So.2d 633, 635 (La. App. 5 Cir. 1992).

the amount testified as due, the amount established by the invoices, and the demand letter.

On March 28, 2016, Dr. Kaye filed a petition on open account asserting the amount due was $27,437.47. Dr. Kaye credibly explained that after his demand letter, but prior to the filing his petition, he received a payment in the amount $3,500.00 from The Hancock Law Firm for his deposition testimony, with which he credited the Firm's account. However, considering the mathematical calculation errors in the third and fourth invoices and the payments submitted by the Firm, the evidence established the correct amount due after deducting the $3,500.00 was $27,537.50 instead of $27,437.47, a difference of $100.03.

Dr. Kaye testified he amended his petition to contend that the Firm owed him $20,000.00 to meet the *jurisdictional* requirements of parish court. He testified he believed that he would receive the amount due faster in parish court than if the matter had been filed in the district court.

A correct statement of the amount due in the demand letter is a condition precedent to an award of attorney fees under the statute. Here, the creditor, Dr. Kaye, had the burden of clearly showing the accuracy of the statement. Considering the facts of this case, the different amounts demanded, including a demand for the "jurisdictional limit," and the mathematical errors in the invoices and demands submitted to the Firm, we find Dr. Kaye did not correctly set forth the amount due as such that would entitle him to attorney fees under the statute. We therefore conclude that the trial court erred in awarding Dr. Kaye attorney fees under the statute, and therefore reverse the trial court's judgment awarding attorney fees.

**DECREE**

Accordingly, for the foregoing reasons, we affirm the trial court's December 18, 2018 judgment denying the Firm's motion for partial summary judgment. We further reverse the award of attorney fees in the February 21, 2019 judgment, amend

the judgment to delete the award of attorney fees and as amended, affirm the February 21, 2019 judgment.

**<u>DECEMBER 18, 2018 JUDGMENT AFFIRMED; FEBRUARY 21, 2019 JUDGMENT REVERSED IN PART, JUDGMENT AMENDED AND AFFIRMED AS AMENDED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 30, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**19-CA-194**

**E-NOTIFIED**
FIRST PARISH COURT (CLERK)
PAUL A. LEA, JR. (APPELLEE)          STEVEN M. MAUTERER (APPELLANT)

**MAILED**
HONORABLE THOMAS F. GARDNER          SHAYNA BEEVERS MORVANT
(JUDGE AD HOC)                       (APPELLANT)
FIRST PARISH COURT                   ATTORNEY AT LAW
924 DAVID DRIVE                      210 HUEY P. LONG AVENUE
METAIRIE, LA 70003                   GRETNA, LA 70053