331 So.2d 177 (1976)
GULFCOAST NEWSPAPERS, INC., Plaintiff and Appellee,
v.
Robert L. CART et al., Defendants and Appellants.
No. 5385.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1976.
Rehearing Denied May 21, 1976.
Writ Refused July 1, 1976.
*178 Petitjean & Petitjean by Martin Petitjean, II, Rayne, for defendants and appellants.
Jumonville, Hartley, Plauche & Broadhurst by Oscar E. Reed, Jr., Lafayette, for plaintiff and appellee.
Before CULPEPPER, WATSON and CUTRER, JJ.
CULPEPPER, Judge.
This is a suit on an open account for printing services furnished by plaintiff, Gulfcoast Newspapers, Inc. to defendants, Robert L. Cart and Lillian J. Cart, d/b/a The Rayne Independent, over the period, October 31, 1967 through February 28, 1974. Defendants filed an exception of prescription. The district judge overruled the exception and rendered judgment in favor of plaintiff in the amount of $8,603.13. From this judgment, defendants appeal.
The issues are: (1) Was the exception of prescription properly overruled? (2) Did plaintiff prove the balance due on the open account?
On October 26, 1967, defendants, together with Patrick Hoffpauir, established The Rayne Independent. Initial operating capital of $2,000 for this venture was advanced to them by plaintiff through R. H. Fackelman, principal stockholder of Gulfcoast Newspapers, Inc. and owner of the Crowley Daily Signal. This $2,000 is the first debit entered on the account. Defendants and Fackelman orally agreed that the Crowley Daily Signal would furnish certain printing services to defendants at stipulated prices. The agreement was essentially that the Signal would print defendants' weekly paper and bill the defendants monthly with the charges, subject to any credits which defendants were due under the agreement.
In February of 1974, the Crowley Daily Signal came under new ownership and all printing services for defendants were ceased. Plaintiff then informed defendants of the balance due on the open account. Defendants refused to pay, and this suit followed.
Defendants filed exceptions of one, two and three years prescription. Plaintiff contends prescription was interrupted by a $2,000 payment made on October 4, 1972 by a check on which it is expressly stated it was in payment of the $2,000 cash advance in 1967. Plaintiff also contends other payments during 1972 and 1973 interrupted prescription. Defendants contend the $2,000 check was in payment of a note issued in that amount at the time of the establishment of The Rayne Independent, and that therefore the payment was not on the open account. Additionally, they contend that a written contract was perfected with plaintiff on July 22, 1970, which provided that no payments after September 3 of 1970 were to be applied to the "old account".
The prescription applicable to suits on open account is three years. LSA-C.C. Article 3538. This period accrues three years after the last purchase or payment on the open account. Ford Marketing Corporation, Ford Parts Division v. First Auto Parts, 308 So.2d 799 (La.App.4th Cir. 1975); Freiberg v. Rembert, 213 So.2d 104 (La.App. 1st Cir. 1968). The burden to prove that prescription has been interrupted is on plaintiff. Gibson Greeting Cards, Inc. v. Cabibi, 237 So.2d 897 (La.App. 4th Cir. 1970).
*179 We will first consider the validity of the written agreement of July 22, 1970 which provides that all payments after September 3, 1970 would be applied only to "new charges". Plaintiff contends the contract is of no effect since it was signed for plaintiff by a Mr. Paul Morcom. Plaintiff urges Mr. Morcom had no authority to act on its behalf in this matter. We find this objection non-compelling. The document containing the agreement as signed by Mr. Morcom was accepted into evidence. It was typewritten on stationery bearing the letterhead of plaintiff corporation. It was signed by Paul Morcom under title of business manager, and additionally was signed by defendants' agent, Mr. Cart. There was no attempt by plaintiff at the time of its introduction to prove that it was a forged document or that Mr. Morcom had no authority to act. We find its authenticity simply has not been rebutted by plaintiff.
The applicable portion of the agreement provides as follows:
"3. No money, of the new printing charges aforementioned, will be applied against the old balance owed by The Rayne Independent to the Crowley Signal, to reduce the old balance after Sept. 3, 1970." (emphasis supplied)
The agreement then provides only that no payments for the new printing charges would be applied to the old balance. It does not provide that other money could not be applied to reduce the "old balance".
We agree with the trial judge that the payment of $2,000 on October 4, 1972 by a check containing an express notation that it was in payment of the $2,000 advanced in 1967 is sufficient to interrupt prescription on the entire account. This $2,000 was the first debit entered on the account in 1967. Its payment in 1972 clearly interrupted prescription.
Defendants contend this $2,000 payment was a repayment of a promissory note issued and signed by them upon establishment of The Rayne Independent. We find the evidence does not preponderate that this payment was made to retire a promissory note. At the hearing on the exception, defendants produced only a copy of the alleged note. Also, they elicited the testimony of Walter T. Cart and Lillian J. Cart to the effect that upon receipt of the initial operating capital from Mr. Fackelman, a promissory note for $2,000 was signed. However, the alleged note was never introduced into evidence nor was Mr. Fackelman called to substantiate the allegation. We conclude the payment made on October 4, 1972 in the amount of $2,000 was a payment on the original open account. Because suit was filed within three years of this date, the action had not prescribed.
We next consider the merits. At the trial the only evidence as to the amount due on the open account introduced by plaintiff was a document identified as "P-2". This document was a summary of the debts and credits for each transaction between the parties as contained in the individual ledgers and journals of the plaintiff. Though it was a summary of the various specific charges and credits, it was made over a long period of time in the course of business of plaintiff. The account shows an outstanding balance of $8,603.89.[1]
The evidence indicates clearly that printing services were in fact rendered for defendants from November 2, 1967 through March of 1974. Mrs. Lillian J. Cart, editor and publisher of The Rayne Independent, testified that during this period the services were rendered to defendants each *180 and every week. Corroborative of this evidence is the testimony of Mr. Eddie J. Hebert and Mr. Ernest Fristoe, who were linotype operators and later press men for plaintiff. They agreed that pages were printed for defendants during the period in question. Mr. Charles M. Pridgeon, Sr., business manager and bookkeeper for plaintiff from October, 1967 through October of 1970, testified that the newspaper was printed for defendants on a weekly basis during his employment. Mr. Pridgeon also testified that during his period of employment, all entries in P-2 were made either by him or under his direct supervision. He also identified the handwriting of Mrs. Katherine Tiller, who made most of the entries on the accounts from September 30, 1967 through August 31, 1971.
Both Mr. Pridgeon and Mrs. Eloise Kibodeaux, who was the bookkeeper for plaintiff from September 30, 1971 through March 1, 1974, testified that the monthly invoices prepared by plaintiff coincided with the amounts shown on the debits column on the open account ledger. Mrs. Kibodeaux and Mr. Milo A. Nichel, executive vice president of Gulf coast Newspapers, and custodian of the accounts, testified that the balance shown on the accounts is $8,603.89.
Although the testimony is confusing and even conflicting in certain minor particulars, the evidence as a whole is clearly sufficient to establish a reasonable basis for the factual finding of the trial judge that the account was proved. Canter v. Koehring, 283 So.2d 716 (La.S.Ct.1973).
For the reasons assigned, the judgment of the district court is affirmed. All costs of this appeal are to be paid by defendants-appellants.
Affirmed.
NOTES
[1] Though the account showed the balance due as $8,603.89, in his original petition plaintiff prayed for only $8,603.13. The trial judge therefore rendered judgment in the latter amount only.