595 So.2d 1230 (1992)
R.E. LANDRENEAU, Jr., M.D., Plaintiff-Appellant,
v.
Herline DUPLECHIN, Defendant-Appellee.
No. 90-913.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1992.
Michael V. Matt, Eunice, for plaintiff-appellant.
Gilbert N. Aucoin, Ville Platte, for defendant-appellee.
Before DOMENGEAUX, C.J., and STOKER and YELVERTON, JJ.
DOMENGEAUX, Chief Judge.
This is a suit on an open account for medical services. Plaintiff, Dr. R.E. Landreneau, Jr., provided medical services to defendant, Herline Duplechin, totalling $29,850, from June 22, 1986 through October 6, 1986. Duplechin's health insurer, Reserve Life Insurance Company, paid $9,481 to Dr. Landreneau on March 30, 1987. Dr. Landreneau filed suit for the remaining balance of the account, $20,369, on February 15, 1990. The trial judge maintained Duplechin's exception of prescription and dismissed the suit. We reverse and remand.
Louisiana Civil Code Article 3494 provides for a three year liberative prescriptive period for an action on an open account. This period runs three years after the last charge or payment on the account *1231 and the burden of proving an interruption of prescription is on the plaintiff. Gulfcoast Newspapers, Inc. v. Cart, 331 So.2d 177 (La.App. 3d Cir.1976), writ refused, 334 So.2d 230 (La.1976).
The jurisprudence of this state has held that partial payment by a third party constitutes acknowledgment of a debt which interrupts prescription only if such payment has been made with the authority of the debtor. Guaranty Bank & Trust Co. v. Heiderich, 163 La. 957, 113 So. 161 (1927); Caridas v. Dahl, 311 So.2d 551 (La.App. 4th Cir.1975). Generally, acknowledgment of a debt sufficient to interrupt prescription may be made "verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways. It may be implicit or it may be inferred from the facts and circumstances." Lake Providence Equipment Co. v. Tallulah Production Credit Assoc., 257 La. 104, 241 So.2d 506, at 509 (1970); Flowers v. U.S. Fidelity & Guaranty Co. 381 So.2d 378 (La.1980), on rehearing.
The question in the case before us is whether the debt of Duplechin was acknowledged by the insurer's partial payment on Duplechin's account. Dr. Landreneau contends that the partial payment on the part of the insurer constituted an acknowledgment of Duplechin's debt sufficient to interrupt prescription. The record reveals that the last charge incurred on the account was made on October 6, 1986; the last payment on the account was made March 30, 1987, by Duplechin's insurer. If this payment was made with Duplechin's authority, and was accepted by Dr. Landreneau, then prescription, which began to run on October 6, 1986, was interrupted on March 30, 1987, and suit filed on February 15, 1990 was timely.
Dr. Landreneau attached to his petition three documents: a statement showing the charges incurred by Duplechin and credit for the amounts paid by the insurer, copies of the three checks written by the insurer, and a form executed by Duplechin authorizing his insurer to pay benefits directly to Dr. Landreneau. The trial judge found these documents, and the testimony presented at a hearing on the exception, insufficient to support a finding that Duplechin's debt was acknowledged by partial payment. We disagree.
Considering first the statement, we note that it clearly specifies three payments by the insurer, all accepted by Landreneau. Duplechin received numerous copies of this statement and never contested the payments or questioned their applicability to his bill. Second, the three checks provide documentary proof of the insurer's payments, with reference to Duplechin as its insured. Third, the authorization form is a clear and specific grant of authority by Duplechin to his insurer to pay medical expenses directly to Dr. Landreneau. Pursuant to this authorization, the insurer paid $9,481 to Dr. Landreneau, which amount was credited directly to Duplechin's bill on March 30, 1987. This grant of authority and resulting payment, combined with the actions of Duplechin, constitute an acknowledgment of the debt owed. The insurer, while not in a formal agency relationship with Duplechin as the trial judge noted, was given the specific, explicit authority to act on his behalf in accordance with the law of mandate, La.C.C. Art. 2985 et seq.
Additionally, the oral testimony presented at trial proves without question that Duplechin knew his health insurer owed him benefits for medical expenses; more important, he could not deny signing the authorization form by which he assigned those benefits to Dr. Landreneau. Duplechin stated he knew his insurer paid $10,000 of Dr. Landreneau's charges on his behalf and he presently owes the remaining $20,000. Clearly, Duplechin was not only aware of the partial payment by his insurer, he also expected such a payment and accepted the benefit of that payment without objection. These facts evidence Duplechin's authorization of the payment made by the insurer.
This case is similar to First National Bank of Jefferson Parish v. Boudreaux, 511 So.2d 826 (La.App. 5th Cir.1987), writ denied, 514 So.2d 128 (La.1987), wherein the debtor was found to have tacit awareness *1232 of a payment made on his behalf by his mother and had accepted without objection the benefit of that payment. The court examined the circumstances of the debt and the partial payment by a third party, and concluded that prescription had been interrupted by the payment. Similarly, in Barranger, Barranger & Jones v. Farmer, 289 So.2d 295 (La.App. 1st Cir. 1973), the court held that partial payment by a wife, under the old community property law of head and master, would interrupt prescription against the husband if the debt had been legally incurred by the wife. Although the Barranger decision is peculiar to the law of community property, it serves to illustrate the need to examine the rights and liabilities of all parties to a transaction in determining the legal consequences of a partial payment by a third party.
In Aldridge v. Reed, 190 So. 845 (La.App. 2d Cir.1939), the court described the necessary authority given to a third party to acknowledge a debt as follows:
The pivotal point in all such cases is whether the person making the payment has authority to do so, because unless such authority is present, the acknowledgment of the obligation which the payment ordinarily implies is lacking. If such authority is present, the agent's acts become the acts of the principal and are fully binding upon him.
190 So. at 848. In determining whether the third party has the requisite authority, the Aldridge court considered not only the actual granting of authority, but also the actions and expectations of the debtor and the third party. The court distinguished the holding of the Heiderich case which involved a third party's payment of interest on a note. While the third party did have authority to pay the note, authority to pay interest was lacking. Therefore, there was no acknowledgment of the debt sufficient to interrupt prescription. Conversely, in Aldridge, and in the instant case, the authority to make a partial payment was granted and carried out, and prescription was therefore interrupted by the partial payments.
We note also the recent case of Freeman, Gyer, Hemelt & Associates v. Estate of McKnight, 578 So.2d 996 (La.App. 4th Cir.1991), which held that particular payments by an insurer did not serve to interrupt prescription on the debtor's entire obligation to the creditor. In reaching that decision, the Fourth Circuit found that the debt was not an open account, and that the insurer's payment of specific charges on the bill could not be construed as general payments on the account which would interrupt prescription. In the case sub judice, the statement issued by Dr. Landreneau does evidence an open account, and the insurer did make lump sum payments on numerous account entries at one time.
As a health insurance policy holder, Duplechin had certain expectations when he incurred medical expenses. His testimony reflects his expectations.[1] Duplechin not only accepted the partial payment by the insurer, he also expected such a payment, as he purchased insurance for that purpose. Under these circumstances, we find the payments made on March 30, 1987 were authorized by Duplechin and therefore constituted an acknowledgment of the debt sufficient to interrupt the running of prescription. Accordingly, suit was timely filed on February 15, 1990.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. This case is remanded to the trial court for further pleadings and proceedings consistent with this opinion. All costs of this appeal are taxed against Herline Duplechin with other costs to await the outcome of the case.
REVERSED AND REMANDED.
NOTES
[1] For example:

Q. So you knew about Reserve Life Insurance Company owing some benefits for any sort of medical expenses you were to incur, correct? Not only from Dr. Landreneau but anybody else.
A. That's the reason I buy insurance.