616 So.2d 244 (1993)
Oscar TOLMAS and Gerson Tolmas
v.
Rudolph P. WEICHERT, III d/b/a Weichert Farm.
No. 92-CA-1631.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1993.
Rehearing Denied April 20, 1993.
*245 Robert A. Barnett, Guste, Barnett & Shushan, New Orleans, for plaintiff/appellant.
Lawrence G. Pugh, III, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, for defendant/appellee.
Before CIACCIO, WARD and LANDRIEU, JJ.
LANDRIEU, Judge.
We are asked to review the amended judgment of the trial court, which awarded a sum due on open account and attorney's fees to the creditor, the plaintiff-in-reconvention in these proceedings. Finding merit to some procedural complaints by the debtors, we vacate the amended judgment and render a revised judgment as detailed in the following discussion.

FACTS AND PROCEDURE:
Between the months of April, 1984 and August, 1986, Oscar and Gerson Tolmas (hereinafter "Tolmas") boarded thoroughbred horses at Weichert Farm in Folsom, Louisiana. Substantial fees were incurred for boarding as well as for veterinarian and blacksmith services. Although the last payment on the account was made by the Tolmas brothers in October of 1985, some of their horses remained at the farm until August, 1986.
On August 4, 1986, formal demand for fees due, including an interest charge on the unpaid balance, was made on Tolmas. Payment was not forthcoming. Instead, on September 18, 1986, Tolmas filed suit against Rudolph F. Weichert, III d/b/a Weichert Farm (hereinafter "Weichert") in which the wrongful death of one of the horses formerly boarded at the farm was alleged. Weichert answered the suit on October 14, 1986 and reconvened for the outstanding balance on the open account. On January 10, 1989, Weichert made a second and corrected demand on Tolmas in which the interest charge placed on the account was deducted from the balance. The amount due on open account was thereby reduced by $188.46, and a supplemental and amending reconventional demand in the corrected amount was filed on January 26, 1989. The order of the court authorizing the amendment was signed on January 27, 1989.
On Weichert's motion, the trial court granted summary judgment against Tolmas on their main demand, and this court affirmed the dismissal of the original plaintiff's *246 lawsuit.[1] After a trial on the merits on Weichert's reconventional demand, the judge signed a judgment, dated March 19, 1992, "in favor of the plaintiff, Oscar Tolmas, and against the defendant, Rudolph F. Weichert, III d/b/a Weichert Farm in the sum of $13,412.67, plus interest and costs on $6,956.00 from date of judicial demand until paid." In his reasons for judgment, the trial judge noted that the award consisted of $6,956.00 for the delinquent bill as well as attorney fees in the amount of $6,456.67, including $500.00 for the trial. On March 30, 1992, the trial judge amended the judgment to be "in favor of the plaintiff-in-reconvention, Rudolph F. Weichert, III d/b/a Weichert Farm and against the defendant-in-reconvention, Oscar Tolmas" in the amounts as previously designated. Tolmas's motion for a new trial was denied. Thereafter, defendants-in-reconvention, after noting the existence of two final judgments, have appealed.

DISCUSSION:
Prescription:
Pursuant to La.Civ.Code Ann. art. 3494 (West Supp.1992), an action on an open account is subject to a liberative prescription of three years. This period runs from the last charge or payment on the open account. Landreneau v. Duplechin, 595 So.2d 1230, 1231 (La.App. 3d Cir.1992).
The last payment on the account was made in October, 1985, and the last boarding fee was incurred in August, 1986. A formal demand for payment was forwarded to Tolmas on August 4, 1986 and incorporated as a reconventional demand into the Tolmas lawsuit on October 14, 1986. Subsequently, the formal demand was corrected to eliminate the interest charge which had not been contracted for, and the petition was amended accordingly on January 26, 1989.
When the action asserted in an amended petition arises out of the conduct or occurrence set forth in the original petition, Article 1153 of the Louisiana Code of Civil Procedure provides that the amendment relates back to the date of filing the original pleading. Thus, in Town of Winnsboro v. Barnard & Burk, Inc., 294 So.2d 867, 883 (La.App. 2d Cir.), writs denied, 295 So.2d 445 (La.1974), the town was not barred from amending its petition to expand its claim even after the expiration of the three year prescriptive period.
The original reconventional demand in this case set forth a claim for the balance due on an open account. The amendment, which deducted an interest charge and thereby reduced the balance due, relates back to the filing of the original petition.
Interest:
Defendants-in-reconvention seem to argue that the interest added to their unpaid balance was usurious, and, therefore, any accrued interest must be forfeited. Pursuant to La.Civ.Code Ann. art. 2924 C (West Supp.1993), conventional interest must be in writing and, with certain exceptions, cannot exceed twelve per cent per annum. If a person pays a higher rate of interest, he may sue to recover that payment within two years. La.Rev.Stat.Ann. § 9:3501 (West 1991) provides that any contract for the payment of interest in excess of that authorized by law shall result in the forfeiture of the entire interest so contracted.
However, that interest assessed by Weichert on the unpaid balance, for the months of June through August, 1986, was not part of the boarding contract, was never paid and was even formally eliminated from the demand, and does not exceed the amount of interest currently authorized by law. Although the plaintiff-in-reconvention is not entitled to conventional interest, he is entitled to legal interest from the date of judicial demand. La.Civ.Code Ann. art. 2924 B (West Supp.1993). The trial court was correct in awarding interest on the balance due of $6,956.00 from October 14, 1986 until paid.
Award of Attorney's Fees:
La.Rev.Stat.Ann. § 9:2781 (West 1991) provides in pertinent part:

*247 When any person fails to pay an open account within fifteen days after receipt of written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.
To be awarded attorney's fees, the claimant must strictly comply with the provisions of the cited statute. Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014, 1015-16 (La.1984). Therefore, attorney fees have been disallowed where a demand letter included the correct principal amount but improper interest. Id. at 1016.
In this case, the fifteen day period began to run with Tolmas's receipt of the corrected demand letter on January 11, 1989. Payment was not received within the fifteen days permitted by statute.
However, the creditor is only entitled to reimbursement for those attorney's fees charged in connection with the prosecution and collection of the debt. It is inappropriate to include in the trial court's award those fees strictly limited to defending the claim by Tolmas for the wrongful death of their horse. Nevertheless, in view of the relationship between the claims and their prosecution in the same lawsuit, it is difficult to completely separate them. We also note that the fees for the collection of the debt on open account should be increased to include those incurred in responding to the debtors' appeal of the judgment against them. We conclude then that the reduction in attorney's fees required by the inclusion of compensation for professional services rendered in defense of the original demand for damages by Tolmas is offset by the increase warranted by the prosecution of this appeal. Accordingly, we find that Weichert should be awarded attorney's fees in the amount of $6,456.67.
Validity of Amended Judgment:
Article 1951 of the Louisiana Code of Civil Procedure permits a trial court to amend a final judgment at any time, with or without notice, on its own motion or on motion of any party, in certain circumstances. That is, the court may alter the phraseology of the judgment or correct an error of calculation. The codal provision specifically prohibits the alteration of the substance of a judgment.
According to our jurisprudence, changing the name of a party cast in judgment is a change of substance and not of phraseology. Therefore, although the error is obvious, a contradictory proceeding rather than an ex parte motion is required. If amendment in such case is made by ex parte motion, the usual remedy of the appellate court is to vacate the amended judgment and to reinstate the original judgment. Teague v. Barnes, 519 So.2d 817, 822 (La.App. 5th Cir.1988) (citing Levy v. Stelly, 230 So.2d 774 (La.App. 4th Cir.1970)).
La.Code Civ.Proc.Ann. art. 2164 (West 1961) permits the appellate court to render any judgment that is just, legal, and proper upon the record on appeal. The record clearly supports a judgment in favor of the plaintiff-in-reconvention as well as the trial court's intention to so hold.
Accordingly, we vacate the amended judgment and reinstate the original judgment. However, we revise that judgment to award $6,956.00 with interest from the date of judicial demand until paid as well as attorney's fees in the amount of $6,456.67 and costs to the plaintiff-in-reconvention, Rudolph F. Weichert, III d/b/a Weichert Farm and against the defendants-in-reconvention, Oscar and Gerson Tolmas.

CONCLUSION:
For the foregoing reasons, we find that the reconventional demand by Weichert for its claim on open account has not prescribed. Further, we affirm the trial court's determination that the amount due on open account totals $6,956.00 plus legal interest from October 14, 1986 until paid. However, since the trial court erroneously entered this judgment in favor of the plaintiff, Tolmas, rather than the plaintiff-in-reconvention, Weichert, and amended that *248 judgment without a contradictory hearing, we vacate the amended judgment and revise the original judgment to comport with the record. With regard to the attorney's fees, we amend the award by eliminating the attorney compensation for services rendered in defense of the damage claim, and by correspondingly increasing that award for fees associated with the prosecution of this appeal.
Accordingly, we vacate the trial court's amended judgment and reinstate the original judgment. We amend that judgment and render judgment in favor of the plaintiff-in-reconvention, Rudolph F. Weichert, III d/b/a Weichert Farm, and against the defendants-in-reconvention, Oscar Tolmas and Gerson Tolmas, in the amount of $13,412.67 plus legal interest on $6,956.00 from October 14, 1986 until paid, and for costs in both the district and appellate courts.
VACATED AMENDED JUDGMENT; AMENDED ORIGINAL JUDGMENT; AS AMENDED, RENDERED.
WARD, J., dissents.
WARD, Judge, dissenting.
From this Court's approval of a trial court award of attorney's fees of 93% of a claim, I dissent. Even assuming for the moment that the trial court was correct in awarding any attorney's fees, an award of 93% of a claim, in what is essentially a collection suit on an open account is an abuse of discretion. La.R.S. 9:2781, which is the only justification for any attorneys's fees in this type of suit, makes a debtor liable for reasonable attorney's fees, and 93% is unreasonable.
In determining what is reasonable, some of the factors that the trial court must consider in setting a reasonable fee are the same as those discussed in the Louisiana Rules of Professional Conduct, Rule 1.5. An award of attorney's fees is based on the services needed to effect recovery, the degree of professional skill and ability exercised, the volume of work performed, the time devoted to the case, the result obtained, the amount in controversy, the novelty and difficulty of the questions involved, and the percentage fixed for attorney's fees in contingent fee contracts.
The majority focused on the time and work of Weichert's attorney but ignored other factors, such as the amount of the claim. In a suit on an open account this may be the most relevant one. The trial record supports an inference that the trial court's well-justified exasperation with abuse of process by defendants led to an award of attorney's fees as a punitive measure. This was error. Other sanctions were available. Additionally, it is apparent that the trial court included in the award attorney's fees incurred by Weichert to defend Tolmas's suit. As the majority concedes, those fees cannot be recovered by Weichert.
Additionally, I dissent because I believe the trial court erred in awarding any attorney fees. Courts demand that creditors strictly comply with statutes providing for attorney fees "because the award of attorney fees is exceptional and penal in nature." Frank L. Beier Radio, Inc. v. Black Gold Marine, Inc., 449 So.2d 1014, 1015 (La.1984). I believe the majority errs by holding that a creditor can correct his original written demand and thereby cure the otherwise fatal defect that would deny him the right to attorney's fees.
I would interpret La.R.S. 9:2781 to mean that before the institution of suit, to collect an amount due on an open account the creditor must make a written demand for payment correctly setting forth the amount owed. After institution of suit, it is too late to correct the written demand. When the creditor demands an incorrect amount, the creditor cannot avail himself of the provisions of La.R.S. 9:2781 to collect attorney's fees by making a new written demand and amending his petition to conform to it.
This interpretation is just because when a debtor is sued on an incorrect amount he must employ an attorney to defend him. When the debtor shows the creditor was incorrect, there is no provision for the debtor to recover his attorney fees. Therefore, after the debtor has been forced to employ an attorney to defend an erroneous claim, a *249 second written demand for the correct amount is too late. Equity demands the parties must be treated equally, and this means once suit has been filed the parties must bear the cost of their attorney fees unless the creditor was correct in its initial written demand for payment.
NOTES
[1] Tolmas v. Weichert, 572 So.2d 764 (La.App. 4th Cir.1990).