LOBRANO, Judge,
dissenting in part.
When a claim on open account is defended by a plea of prescription, the court must first consider the payment history between the parties. In those situations where payments by the debtor are imputed by him to specific invoices, the three year prescriptive period on the unpaid invoices begins to run from the date they are due. Fleet Tire Service v. Schwegmann Bros. Giant Super Markets, Inc., 408 So.2d 54 (La.App. 4th Cir.1981). However, if the relationship between the debtor and creditor is one of a true “running balance”, where payments on the account are not for specific invoices, prescription commences from the date of the last payment or purchase on the account. Landreneau v. Duplechin, 595 So.2d 1230 (La.App. 3rd Cir.1992).
| zAlthough the majority relies on the premise that there was no interruption and therefore the accounts were prescribed on their face, that premise is irrelevant since, in my opinion, prescription never accrued in the first place. The relationship between Holmes and McDonald was of the second type described above. In July, 1985, Holmes and McDonald restructured their debtor-creditor relationship in an attempt to resolve the unearned discount issue. They continued doing business under that agreement until sometime near the end of 1987 or early part of 1988. McDonald filed suit on March 31, 1988.
Based on the relationship of the parties and the facts peculiar to this case, I am of the opinion that prescription did not accrue. McDonald’s suit was timely. For that reason, I respectfully dissent.