992 So.2d 547 (2008)
Jeannette M. LOPEZ, M.D., Ph.D., A.P.M.C., d/b/a Neurology Clinic of Mandeville
v.
Hilda EVANS.
No. 2007 CA 1243.
Court of Appeal of Louisiana, First Circuit.
June 6, 2008.
L. Kevin Coleman, Mandeville, LA, for Plaintiff-Appellant, Jeannette M. Lopez, M.D., Ph.D., A.P.M.C., d/b/a Neurology Clinic of Mandeville.
Gary P. Koederitz, Mark G. Simmons, Baton Rouge, LA, for Defendant-Appellee, Hilda Evans.
Before CARTER, C.J., PETTIGREW and WELCH, JJ.
WELCH, J.
The plaintiff, Jeannette M. Lopez, M.D., Ph.D., A.P.M.C., d/b/a/ Neurology Clinic of Mandeville (Dr. Lopez), seeks reversal of the trial court's judgment maintaining the peremptory exception pleading the objection of prescription filed by the defendant, Hilda Evans (Ms. Evans). For the following reasons, the trial court judgment *548 is reversed, and the matter is remanded for further proceedings.

FACTS AND PROCEDURAL HISTORY
This is a suit on open account brought under the open account statute, La. R.S. 9:2781, by Dr. Lopez against a former patient, Ms. Evans. Dr. Lopez provided medical services to Ms. Evans between February 6, 2002 and June 25, 2003. The total unpaid balance for medical services rendered is $2,571.00. Dr. Lopez filed suit on June 20, 2006. Pursuant to La. R.S. 9:2781, Dr. Lopez alleged that written demands for payment were sent to Ms. Evans and that more than thirty days had elapsed since the date of such demands, thereby entitling her to an award of attorney fees in addition to the balance due.
In answering the petition, Ms. Evans admitted that she had received medical treatment from Dr. Lopez between February 6, 2002, and June 25, 2003. However, she denied that Dr. Lopez had complied with the provisions of La. R.S. 9:2781; specifically, she claimed that Dr. Lopez did not correctly set forth any amount owed, and she denied that Dr. Lopez was entitled to an award of attorney fees.
Ms. Evans also filed the peremptory exception of prescription, alleging that all of the claims asserted in Dr. Lopez's petition had prescribed, with the exception of the claim for services rendered on June 25, 2003. Ms. Evans also pled the peremptory exception raising the objection of no cause of action, which was directed solely to Dr. Lopez's claim for attorney fees.
The exceptions were heard August 21, 2006. At the hearing, the parties stipulated that the account was an "open account." The issue directed to the court was whether the three-year prescriptive period found in La. C.C. art. 3494 for suits on open accounts runs from the date of the last charge, purchase, payment, or credit entry on the account as alleged by Dr. Lopez or, instead, from the date of each individual entry on the account as alleged by Ms. Evans.
At the hearing, the accounting of services rendered was purportedly admitted into evidence, along with an "Acknowledgement of Financial Responsibility" executed by Ms. Evans on February 6, 2002, in which she individually obligated herself on the account. The trial court granted the exception of prescription, finding that the three-year prescriptive period had run on all charges except those incurred for services rendered on June 25, 2003; however, the court denied the exception of no cause of action directed to the claim for attorney fees.
The trial court's ruling left viable only the charge in the amount of $222.00 for services rendered on June 25, 2003; thereafter, Dr. Lopez filed a motion for summary judgment so that judgment could be rendered as to the remainder of the case, thereby making all judgments final and appealable. The motion for summary judgment was submitted on memoranda on January 8, 2007. The trial court rendered reasons for judgment on January 18, 2007, granting judgment in Dr. Lopez's favor, and a judgment was signed in accordance therewith. A judgment on the exceptions was signed on February 1, 2007, three days after the judgment granting summary judgment, even though the ruling on the exceptions had been rendered three months prior. In any event, Dr. Lopez has appealed the judgment on exceptions, signed February 1, 2007,[1] raising a sole assignment of error, as follows:

*549 The trial court erred in finding that prescription runs from the date of each transaction that forms an open account as opposed to the last transaction within the account.

DISCUSSION
The parties agree that the transactions between them constituted rendition of services on open account; therefore, we address Dr. Lopez's argument that the trial court erred in its application of the three-year prescriptive period of La. C.C. art. 3494.
Louisiana Civil Code article 3494 provides, in pertinent part, for a liberative prescription of three years for an action on open account. In the instant case, the ledger and/or account history attached to Dr. Lopez's petition demonstrates that services were provided from February 6, 2002 through June 25, 2003. The lawsuit was filed June 20, 2006.
Dr. Lopez relies upon the general legal principle that the three-year prescriptive period found in La. C.C. art. 3494 for suits on open accounts runs from the date of the last charge, entry, purchase, payment, or other transaction (citing Chrysler Financial Company, L.L.C. v. Gene Ducote Automotive, L.L.C., XXXX-XXXX (La.App. 5th Cir.3/1/05), 900 So.2d 119, 123 (prescription begins to run from the date of the last charge, purchase, payment, or credit entry on the account); Tolmas v. Weichert, 616 So.2d 244, 246 (La.App. 4th Cir.), writ denied, 620 So.2d 878 (La.1993) (the prescriptive period on an open account runs from the last charge or payment on the account); Landreneau v. Duplechin, 595 So.2d 1230 (La.App. 3rd Cir.1992) (the prescriptive period for an action on open account runs three years after the last charge or payment on the account); Gulfcoast Newspapers, Inc. v. Cart, 331 So.2d 177, 178 (La.App. 3rd Cir.), writ denied, 334 So.2d 230 (La.1976) (the three-year prescriptive period applicable to suits on open account accrues three years after the last purchase or payment on the open account); Ford Marketing Corporation, Ford Parts Division v. First Auto Parts, 308 So.2d 799, 801 (La.App. 4th Cir.1975) (a suit on open account filed more than three years after the last purchase was barred by three-year prescriptive period); Bell Fence & Galvanizing Co., Inc/Central Fence v. Bond, 41,820, p. 4 (La.App. 2nd Cir. 1/24/07), 948 So.2d 353, 355 (prescription of the balance due on an open account begins to run from the date of the last credit entry on the account); Ritchie Grocer Co. v. Dean, 182 La. 518, 522, 162 So. 62, 63 (1935) (prescription did not begin to run on an open account until the date of the last credit entry). Dr. Lopez complains that the trial court departed from this general principle of law in holding that prescription runs from the date of each transaction rather than the date of the last transaction.
Ms. Evans contends that this court's opinion in Dear v. Mabile, 93-1188 (La. App. 1st Cir. 5/20/94), 637 So.2d 745, holds that the three-year prescriptive period applicable to open accounts begins to run from the date on which each service was *550 provided and not from the date of the last service.
In Dear, Dr. Dear, a chiropractor, brought suit against his former patient for chiropractic charges. The services provided by Dr. Dear to Mr. Mabile were rendered from October 8, 1987 through December 4, 1987, and resumed again from May 27, 1988 through July 6, 1988. On July 19, 1988, two partial payments were made on the account by Mr. Mabile's health insurance company. The ledger card submitted by plaintiff established that the two payments were posted as credits against the latter charges, for services rendered May 27, 1988 through July 19, 1988. No other payments were made on the account. Dear, 93-1188 at p. 2, 637 So.2d at 746.
Dr. Dear filed suit on June 14, 1991, for the balance due. In turn, defendant filed the peremptory exception pleading the objection of prescription. At the hearing on the exception, argument was had concerning whether the payments by the insurer, a third-party payor, were for specific services rendered or a general payment on the account. The trial court agreed with Mr. Mabile that the payments made were for particular services rendered and, therefore, did not serve to interrupt prescription as to the entire account. The trial court entered judgment for defendant on the exception, finding that the portion of plaintiffs claim for payment for services rendered on or before May 27, 1988, had prescribed. Dear, 93-1188 at pp. 4-5, 637 So.2d at 747-748.
On appeal, this court considered the three-year prescriptive period in conjunction with La. C.C. art. 3495 providing for the commencement of prescription from the date payment is exigible, even if services are continuing, and determined that the trial court ruling was correct that the services rendered on and before May 27, 1988, had prescribed. Dr. Dear, again, unsuccessfully argued that the payments by Mr. Mabile's insurer, on July 19, 1988, were general payments on the account, which interrupted prescription on the account balance. Id.
Simply put, our holding in Dear was two-fold: (1) the prescriptive period applicable to a claim on open account is three years, not ten years; and (2) the payments made by a third-party payor for specific services rendered did not serve to interrupt prescription as to the entire account. Therefore, we reject Ms. Evans' contention that our holding in Dear stands for the proposition that the three-year prescriptive period on open accounts cannot run from the date of the last charge on the account. Accordingly, we reverse the judgment of the trial court maintaining the exception of prescription and dismissing all of plaintiff's claims except for the claim for medical services in the amount of $222.00 for services rendered on June 25, 2003. We find that the three-year prescriptive period began to run on the date of the last transaction on the account, prescribing on June 25, 2006. Therefore, Dr. Lopez's lawsuit filed on June 20, 2006, is not barred by prescription. We remand this matter to the trial court to determine the amount due and owing on open account and to consider the request for attorney's fees pursuant to La. R.S. 9:2781.
In her appellate brief, Ms. Evans, as appellee, complains that Dr. Lopez is not entitled to an award of attorney fees, even in connection with the claim for payment for services rendered on June 23, 2003 (which the trial court held had not prescribed), because Dr. Lopez did not strictly comply with La. R.S. 9:2781, in that she did not correctly set forth the amount owed. However, in light of our ruling to reverse the trial court's judgment maintaining the exception of prescription and *551 because Ms. Evans did not answer the present appeal nor has she filed a separate appeal or a timely application for supervisory review of the December 6, 2007 judgment granting summary judgment in favor of Dr. Lopez and setting forth an award of attorney fees in the amount of $840.00, we decline to address this argument. See La. C.C.P. arts. 2133(A) and 2201.
For these reasons, we reverse the trial court judgment. The costs of this appeal are assessed to Hilda Evans.
REVERSED AND REMANDED.
NOTES
[1] This court, on July 5, 2007, issued a rule to show cause, noting that the February 1, 2007 judgment appealed from appeared to be a partial judgment, which was not designated a final judgment under La. C.C.P. art. 1915(B). Subsequently, this court issued an interim order, remanding the matter to the trial court to sign a valid written judgment setting forth the amount of attorney fees awarded with certainty. In response, Dr. Lopez submitted to this court a December 6, 2007 judgment, granting Dr. Lopez's motion for summary judgment relative to the claim for payment for services rendered June 25, 2003, and setting attorney fees in the amount of $840.00. The rule to show cause was recalled, and the appeal maintained.