## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## NO. 2021 CA 0083

*Illegible handwritten margin notes:* Querst. CHH WRC by CHH

## SEALE & ROSS, PLC

## VERSUS

## LITTLELEAF PROPERTIES, LLC AND JENNIFER LEE

Judgment Rendered: **OCT 0 4 2021**

* * * * *

On Appeal from the
21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Trial Court No. 2019-0003993

Honorable Brenda Bedsole Ricks, Judge Presiding

* * * * *

Kenneth L. Ross
Hammond, LA

Attorney for Plaintiff-Appellant,
Seale & Ross, PLC

Matthew A. Sherman
Patrick R. Follette
Metairie, LA

Attorneys for Defendants-Appellees,
Littleleaf Properties, LLC and
Jennifer Lee

* * * * *

BEFORE: WHIPPLE, C.J., THERIOT, CHUTZ, WOLFE, AND HESTER, JJ.

*Handwritten:* Wolfe, J. dissents and assigns reasons
Whipple, C.J. concurs by CHH

**HESTER, J.**

Plaintiff, Seale & Ross, PLC, appeals a judgment of the trial court sustaining the peremptory exception asserting the objection of prescription filed by defendants, Littleleaf Properties, LLC and Jennifer Lee, and dismissing plaintiff's lawsuit against defendants, with prejudice. For the reasons that follow, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On December 18, 2019, Seale & Ross, PLC ("Seale & Ross") filed a suit on open account against Littleleaf Properties, LLC ("Littleleaf") and Jennifer Lee (sometimes collectively referred to as "defendants"), alleging defendants were indebted to it in the amount of $10,479.59 as of November 30, 2019. According to the allegations of the suit, defendants engaged Seale & Ross to represent them in a purchase agreement dispute and maintained an open account with Seale & Ross for legal services and charges incurred. The last payment on account was made by defendants on December 30, 2016, but Seale & Ross maintained that defendants did not pay the balance due, despite amicable demand.

Invoices, which were allegedly mailed to defendants, were attached as an exhibit to the suit. The "invoices" were actually a single statement showing legal fees charged from May 6, 2015 through October 17, 2016, as well as expenses and cost advancements from October 19, 2015 through October 18, 2016. The statement also reflected payments, dated December 30, 2016, from two different checks totaling $1,100.00.

In response to the suit on open account, defendants filed peremptory exceptions asserting the objections of no cause of action and prescription, seeking to dismiss the suit with prejudice. According to defendants, Lee was employed by Seale & Ross as an attorney from 2013 until November 2016. During Lee's employ with Seale & Ross, suit was filed on behalf of Littleleaf, a limited liability company

2

of which Lee is a member and co-owner, against Darren Short, seeking specific performance and damages caused by Short's breach of a purchase agreement. Lee engaged another attorney at Seale & Ross, Glen Galbraith, to assist her in the Littleleaf matter, and Galbraith counseled Lee, signed pleadings, and made court appearances.

As argued in defendants' memorandum in support of their exceptions, it was customary for the attorneys of Seale & Ross to handle their own personal legal matters through the firm, without payment. Further, defendants alleged that they neither opened nor maintained an open account with Seale & Ross and did not agree to pay for legal services Lee provided to her own company, Littleleaf. Instead, defendants maintained that because the amount and award of attorney's fees and costs were the only issues in the Littleleaf matter, Lee merely opened a file with Seale & Ross in order to track time and expenses as an item of damage.

The Littleleaf matter concluded in October 2016, and an award of legal fees and court costs was granted to Littleleaf, which award was allegedly based on a statement nearly identical to the statement attached as an exhibit to Seale & Ross's suit on open account. Pursuant to the terms of the judgment, payments for damages, identified as Littleleaf's attorney fees and court costs, were due monthly to Littleleaf. According to defendants, "[b]ecause the judgment awarded legal fees and costs, and the defendant in the [Littleleaf matter] was aware Ms. Lee was formerly an attorney at [Seale & Ross], the first two payments totaling $1,100 were made payable to [Seale & Ross], without the consent of Ms. Lee."

While denying an account existed, defendants argued that the applicable prescriptive period for the suit on open account had run. October 18, 2016 was the date of the last work done on the file, which was more than three years prior to the filing date of December 18, 2019. See La. Civ. Code arts. 3494 and 3495. Defendants further maintained that the suit was prescribed on its face and that the

3

payment made by a third party on the file without their consent did not serve to interrupt prescription.

Seale & Ross opposed the exceptions, arguing that the suit was not prescribed since payment was made on the account on December 30, 2016. Such payment consisted of a check from Darren Short made payable to Seale & Ross, which was delivered to Seale & Ross by Lee. According to Seale & Ross, the payment arrangement was confirmed in an alleged text message between Lee and Galbraith, stating as follows:

> Also, re Little leaf / Short, I have that $800 check from Darren I'll leave at SR to deposit. That acct still needs to be cleaned up. Will you write all my time off and apply the $800 to costs and your time. What do you want to do about the rest of your time?

The exceptions were heard by the trial court on August 31, 2020, at which time arguments, joint evidence, and the testimony of Galbraith were presented. At the conclusion of the hearing, the trial court sustained the exception of prescription, and pretermitted ruling on the exception of no cause of action. Judgment was signed on September 4, 2020, sustaining defendants' exception of prescription and dismissing Seale & Ross's lawsuit against defendants, with prejudice. From this judgment, Seale & Ross appeals, and assigns the following assignments of error: (1) the trial court erred in failing to find that Lee's December 28, 2016 text message was an acknowledgement of the debt that interrupted prescription; (2) the trial court erred in failing to find Lee delivered or sent payment to Seale & Ross, which was an acknowledgement of the debt; and (3) the trial court erred in excluding the printed text messages from evidence.

## LAW AND ANALYSIS

Prescription is properly raised through a peremptory exception and must be specifically pled. La. Code Civ. P. art. 927. Prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it. **Bailey v. Khoury**, 2004-0620 (La. 1/20/05), 891 So.2d 1268, 1275. Ordinarily,

4

the party urging prescription bears the burden of proof at trial of the exception; however, if the petition is prescribed on its face, the burden of proof shifts to the plaintiff to negate the presumption by establishing a suspension or interruption. **Smith v. Transportation Services Co. of Illinois**, 2013-2788 (La. 7/1/14), 148 So.3d 903, 907, cert. denied, 574 U.S. 1154, 135 S.Ct. 1404, 191 L.Ed.2d 362 (2015); **Taranto v. Louisiana Citizens Property Insurance Corp.**, 2010-0105 (La. 3/15/11), 62 So.3d 721, 726. Thus, unless prescription is evident from the face of the pleadings or from the documents attached thereto, the party raising the objection of prescription bears the burden of proof. **Pizzolato v. Grier**, 2018-0912 (La. App. 1st Cir. 3/14/19), 275 So.3d 273, 276, writ denied, 2019-00698 (La. 9/24/19), 279 So.3d 932; also see **Dear v. Mabile**, 93-1188 (La. App. 1st Cir. 5/20/94), 637 So.2d 745.

To meet the burden of proof on an exception raising the objection of prescription, evidence may be introduced at trial "to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La. Code Civ. P. art. 931; **Pizzolato**, 275 So.3d at 276. When evidence is introduced at the hearing on the peremptory exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error standard of review. **London Towne Condo. Homeowner's Ass'n v. London Towne Co.**, 2006-401 (La. 10/17/06), 939 So.2d 1227, 1231. In order to reverse the trial court's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. An appellate court must not re-weigh the evidence or substitute its own factual findings because it would have decided the case differently. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. **Id.**

5

Louisiana Civil Code art. 3494 provides that an action on an open account is subject to liberative prescription of three years, which commences to run from the day payment is exigible pursuant to La. Civ. Code art. 3495. The three-year prescriptive period found in Article 3494 generally runs from the date of the last charge, credit entry, purchase, payment, or similar transaction on the account. **Blanchard v. Cors & Bassett**, 2012-0939 (La. App. 1st Cir. 4/11/13), 2013 WL 1491270, at *1 (unpublished); also see **Lopez v. Evans**, 2007-1243 (La. App. 1st Cir. 6/6/08), 992 So.2d 547, 549. More specifically, prescription of the balance due on an open account begins to run from the date of the last credit entry on account. **Bell Fence & Galvanizing Co., Inc./Central Fence v. Bond**, 41,820 (La. App. 2d Cir. 1/24/07), 948 So.2d 353, 355; also see **Ritchie Grocer Co. v. Dean**, 162 So. 62, 63, 182 La. 518, 522 (La. 1935).

An examination of Seale & Ross's petition reveals that the petition was not prescribed on its face. Seale & Ross alleged that it was engaged to represent defendants in a legal matter and that defendants maintained an open account for legal services with Seale & Ross. Defendants incurred charges, and Seale & Ross specifically alleged that the last payment made by defendants on the account was on December 30, 2016, which was supported by the statement attached as an exhibit to the petition. The petition was filed within three years of the date of the last payment or credit entry made on the account and, therefore, was not prescribed on its face. See **Blanchard**, 2013 WL 1491270, at *1; **Lopez**, 992 So.2d at 549; **Bell Fence**, 948 So.2d at 355.

Because the petition was not prescribed on its face, defendants bore the burden of proof at trial of the exception to establish that the matter was prescribed. **Pizzolato**, 275 So.3d at 276. The following evidence was introduced at the trial: Seale & Ross's statement of account; copies of two checks; and the live testimony of Galbraith. The statement of account was the same document attached as an

exhibit to the petition and reflected payments made by two checks credited on December 30, 2016. The copies of the two checks in the amounts of $800.00 and $300.00 were from Darren Lee Short and Short's Siding & Patio Supply, respectively, and were made payable to Seale & Ross with reference to Littleleaf and Lee in the memo lines. According to the testimony of Galbraith, Lee informed him on December 28, 2016 that she would be delivering an $800.00 check from Darren Short for Seale & Ross to deposit. Lee asked Galbraith to write off her time billed on the account and apply the $800.00 to costs and Galbraith's time. It was not established whether Lee herself delivered the third-party check to Seale & Ross or to Galbraith. However, the uncontroverted testimony was that the check was received by Seale & Ross and then deposited and applied to the account on or about December 30, 2016 after Galbraith communicated with Lee regarding the third-party check.[1] No evidence was presented at trial by defendants to contradict the un-objected testimony of Galbraith that Lee consented to the payment by the third party and arranged for the third-party payment to be received by Seale & Ross.

In the memorandum in support of their exception of prescription, defendants argued that "neither Littleleaf Properties nor Ms. Lee ever made payments on this file … as no money was due to [Seale & Ross]. The [check] in the amount of $800 … was deposited by [Seale & Ross] for reimbursement of expenses incurred by [Seale & Ross] in the [Littleleaf matter]." Therefore, defendants argued Seale & Ross could not attempt to interrupt prescription by applying a payment made by a third party and implied that neither Lee nor Littleleaf consented to the $800.00

---

[1] While Seale & Ross attempted to introduce printouts of the text messages, this documentary evidence was not admitted at trial, but was proffered. However, Galbraith was permitted to testify without objection to the contents of his text messages with Lee and all the surrounding events. In view of Galbraith's testimony and cognizant of the fact that defendants did not present any evidence challenging his testimony, we pretermit any discussion of Seale & Ross's third assignment of error.

payment.[2] Defendants further argued before the trial court that "Ms. Lee has never paid a dollar. Instead, what Ms. Lee did was she made sure that the costs were covered based on a third-party payment, not by her own payment, and that was it. That was all that was owed."

Inextricably woven into defendants' argument that the matter is prescribed is the compound argument that there was no open account and there was no debt owed by defendants to Seale & Ross. Pursuant to La. R.S. 9:2781(D), an open account "includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions," as well as "debts incurred for professional services, including but not limited to legal and medical services." The petition specifically alleged that defendants "maintained an open account with [Seale & Ross] for legal services and incurred charges set forth in invoices which were mailed to [defendants]." It was further alleged that defendants were "justly and truly indebted" to Seale & Ross in the amount of $10,479.59.

Additionally, the testimony of Galbraith, an attorney at Seale & Ross, established that he was engaged to assist Lee with a purchase agreement dispute for personal property that was negotiated through Littleleaf, a limited liability company of which Lee was the principal. Galbraith was familiar with the fact that defendants had an open account with the firm and he was familiar with the billing in the Littleleaf matter.

Galbraith further testified regarding the nature of his engagement by defendants in the Littleleaf matter as well as the outcome of that litigation:

> When [Lee] first approached me about the legal problem, she told me she was trying to buy a piece of property near her house and at some later point when we got into the nuts and bolts of it, I read contracts. At some point I became aware that she had an LLC, that she had not

---

[2] Conversely, defendants expressly denied having knowledge of or consenting to the $300 payment.

8

personally signed a purchase agreement for the property, but an LLC was the purchaser.

.....

Q. But when she first talked to you, she said she was going to buy a property and engaged you ... as a lawyer to assist her in that matter?

A. Yes. It came about because she said she wanted to buy this piece of property and the guy she was buying it from was a little squirrely to say the least, and at some point he tried to get out of the deal we were talking about that. I remember that -- when I really started feeling like I was being her lawyer was when I started giving her advice about filing a lis pendens and filing a suit quickly, because otherwise he could've sold it out from under her. So I remember advising her, you know, if you're buying this you need to file a lis pendens. At some point I started doing work and then we appeared in your court. I can't say which day I became her lawyer because in a law firm you talk about cases all the time, but at some point I was clearly there. I was the one signing the pleadings and doing it, so I certainly was her lawyer at some point.

.....

... Ms. Lee and I came before Your Honor and settled the case where a judgment was rendered entitling Ms. Lee to payment by Darren Short. She then got the payment from Mr. Short in the form of a check and she gave that check of her own free will to Seale and Ross.

While defendants argue that no account or contract for legal services existed and that no monies were owed to Seale & Ross by them, the testimonial evidence introduced at the trial does not support their contention. Moreover, no evidence was presented by defendants at the trial on the exceptions to refute either the allegations in the petition or the testimony of Galbraith. In failing to present any evidence showing that an open account did not exist or that no money was owed by defendants, these allegations of the petition, which were also supported by the evidence presented, are accepted as true for purposes of defendants' exception of prescription. See **Pizzolato**, 275 So.3d at 276; also see **Kirby v. Field**, 2004-1898 (La. App. 1st Cir. 9/23/05), 923 So.2d 131, 135, writ denied, 2005-2467 (La. 3/24/06), 925 So.2d 1230.

While defendants were able to establish that the $800.00 check used for the December 30, 2016 payment on the account was from a third party, no evidence was offered to establish that defendants were unaware of this payment or that the payment was not a general payment on the account. See **Landreneau v. Duplechin**,

9

595 So.2d 1230, 1231 (La. App. 3d Cir. 1992) ("[P]artial payment by a third party constitutes acknowledgment of a debt which interrupts prescription only if such payment has been made with the authority of the debtor."); also see **Dear**, 637 So.2d at 748 ("A payment on an open account which is imputed to a specific charge included therein does not interrupt the prescriptive period as to the balance of the account.").

Defendants argued before the trial court that Seale & Ross provided no evidence or testimony that Lee delivered the third-party checks to Seale & Ross or that Lee had anything to do with the checks. In granting the exception, the trial court stated that it was "regrettable, but without Mr. Galbraith being able to definitively say that he got the checks and where they came from with the other evidence put on, you obviously did receive the payments from somebody else." This was the trial court's lone factual finding.

The evidence itself shows that the $800.00 check from Darren Short, who was the defendant in the Littleleaf matter, was a general payment on the account. Written in the memo line of the check was "Payment Littleleaf/Jennifer Lee," which does not indicate that the payment was for any specific charge on the account. There is no evidence in the record to show that the general payment of $800.00 from Darren Short was made without the authority or consent of defendants, regardless of the manner in which it was received by Seale & Ross. The testimonial evidence at the hearing showed that defendants were aware of the payment made by a third party to Seale & Ross.

Because defendants bore the burden of proof on the exception of prescription and failed to offer any evidence to refute the testimony of Galbraith that defendants were aware of the third-party payment, we find that the trial court was manifestly erroneous in finding the matter was prescribed. We are further convinced that reversal of the trial court's sustaining of the peremptory exception asserting the

10

objection of prescription in this matter is warranted in light of the judicial confession made by defendants in oral arguments and the brief filed with this court.

A judicial confession is a declaration made by a party in a judicial proceeding, and such confession constitutes full proof against the party who made it. La. Civ. Code art. 1853. Further, a judicial confession is a party's explicit admission of an adverse factual element and has the effect of waiving evidence as to the subject of the admission and withdrawing the subject matter of the confession from issue. A judicial confession cannot be implied. **McNealy v. Englade**, 2019-0573 (La. App. 1st Cir. 2/21/20), 298 So.3d 182, 190. A declaration made by a party's attorney or mandatary has the same effect as one made by the party herself. **C.T. Traina, Inc. v. Sunshine Plaza, Inc.**, 2003-1003 (La. 12/3/03), 861 So.2d 156, 159 (citing La. Civ.Code art. 1853, cmt. (b)).

Defendants conceded in their brief filed with this court that "[o]ut of courtesy, Ms. Lee offered to deliver [the check] to [Seale & Ross]" and that "the check had been mistakenly paid to [Seale & Ross] instead of Littleleaf Properties, LLC (who was owed the money), Ms. Lee offered it to [Seale & Ross]." Defendants further explained:

> The money was to reimburse [Seale & Ross] for $460.26 in costs and expenses [Seale & Ross] had paid in connection with the lawsuit so it was not "out of pocket" because of Ms. Lee's feeling of appreciation and a moral obligation, not a legal one. Also, out of gratitude for Mr. Galbraith's time, she requested payment of any remaining money for his time spent on the case. There was no open account. Ms. Lee could have—and in hindsight probably should have—requested that Darren Short destroy the original check and write a new one payable to Littleleaf Properties, LLC, the party he was obligated to pay.

Defendants then explicitly confessed that Lee "received a check payable to [Seale & Ross] and gave it to [Seale & Ross] instead of destroying it." These statements were reiterated before this court during oral argument by defendants' attorney. Defendants' clear statements made to this court belie the assertions and implications made before the trial court and acknowledge that Lee, in fact, gave the $800.00 check

11

to Seale & Ross. Further, the judicial confession undermines the very basis on which the trial court granted the exception of prescription.

Prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished. **Bailey**, 891 So.2d at 1275. Pursuant to La Civ. Code art. 3494, Seale & Ross's action on open account was subject to liberative prescription of three years, which ran from the date of the last charge, credit entry, purchase payment, or other similar transaction, which in this case was the December 30, 2016 payment. See **Lopez**, 992 So.2d at 549; **Bell Fence**, 948 So.2d at 355. As stated above, defendants bore the burden of proof on the exception of prescription and failed to offer any evidence to refute the testimony of Galbraith regarding the third-party payment; therefore, the trial court was manifestly erroneous in finding the matter prescribed.

## CONCLUSION

In light of our analysis, we reverse the trial court's September 4, 2020 judgment, which sustained the exception asserting the objection of prescription filed by defendants, Littleleaf Properties, LLC and Jennifer Lee, and dismissed Seale & Ross's lawsuit against defendants, with prejudice, and remand this matter for further proceedings. All costs of this appeal are assessed to defendants, Littleleaf Properties, LLC and Jennifer Lee.

**REVERSED AND REMANDED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 CA 0083

SEALE & ROSS, PLC

VERSUS

LITTLELEAF PROPERTIES, LLC AND JENNIFER LEE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**WOLFE, J. dissents and assigns reasons.**

I respectfully dissent from the majority opinion, because I find no manifest error in the trial court's factual conclusions that the defendants-appellees had not acknowledged the debt. In addition, I find a lack of proof of an open account. The evidence revealed no documentation to support a finding of an account or any kind of agreement by the defendants-appellees to pay legal fees to the plaintiff-appellant law firm. The majority's reliance on "judicial confessions" contained in the defendants-appellees' brief and oral argument to this court is not clear evidence of a specific debt owed or an open account. An appellate court may not set aside a trial court's findings of fact unless a reasonable factual basis does not exist for the findings and, further, the factual findings are clearly wrong. See **Rosell v. ESCO**, 549 So.2d 840, 844 (La. 1989). Additionally, where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. **Id.**

The text message considered by the trial court merely reflects that a check from a third party was made payable to and forwarded to the plaintiff-appellant law firm. The message does not clearly and specifically acknowledge a debt for legal fees sufficient to interrupt prescription or recognize the right of the plaintiff-

appellant to enforce its claim for legal fees against the defendants-appellees. <u>See</u> La. Civ. Code art. 3464; **First National Bank Building Company v. Dickson & Denny**, 207 La. 298, 303, 21 So.2d 226, 227 (1945). It is well settled that an acknowledgment must be clear, specific, positive and unequivocal, and made with the intention of interrupting prescription. **Hitzman v. Ethyl Corp.**, 42 So.2d 155, 158 (La. App. 1st Cir. 1949). The trial court is entitled to deference in its legal conclusion that the plaintiff-appellant's claim had prescribed. Therefore, I would affirm the trial court's September 4, 2020 judgment in its entirety.